Lawrence J. ROUSSELLE, Jr., Plaintiff,

v.

Leander H. PEREZ, Sr., Leander H. Perez, Jr., Eugene E. Leon, Jules Nunez and Roy Lyons, Defendants.

Civ. A. No. 68–1433.

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 14, 1968.

Richard B. Sobol, New Orleans, La., for plaintiff.

Sidney W. Provensal, Jr., New Orleans, La., for defendants.

RUBIN, District Judge:

The District Attorney of Plaquemines Parish, Louisiana, Leander H. Perez, Jr., is one of the defendants in this suit brought under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985. He urges that the action should be dismissed as to him because, as a District Attorney, he enjoys an immunity from such suits and because all of the acts alleged to have been committed by him were done in his official capacity.

For purposes of this motion, it must be assumed that plaintiff can prove the allegations of the complaint.

These include claims that the District Attorney conspired with other defendants "to punish plaintiff for taking an active political position in opposition to defendant [Leander H.] Perez, Sr., and his associates and to deter and intimidate plaintiff and other like minded citizens of Plaquemines Parish from taking such political positions." Plaintiff alleges that, when the District Attorney filed charges against him, he and his "co-conspirators knew those charges to be entirely without basis in fact." He also contends that the District Attorney, as one of the members of a conspiracy, has used his office "to harass and oppress plaintiff in his business and economic affairs."

There are two counts to the complaint. In count I, damages are sought. In count II, a class action, plaintiff seeks an injunction against the District Attorney and his co-defendants "from engaging in any conduct that has as its purpose or effect the denial or abridgement of the First Amendment rights of plaintiff and the class he represents."

In Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, the Supreme Court held that judges are immune from damage suits under the Civil Rights Act. This rule was adopted in the public interest to assure that "judges should be at liberty to exercise their functions with independence and without fear of consequences. * * * [The judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Id., 386 U.S. at 554, 87 S. Ct. at 1218.

But the reason for the rule limits its scope to suits praying for damages. To enjoin unlawful conduct by a judicial officer threatens no fear of consequences to the trial judge. Therefore, judges enjoy no shield when the relief sought is purely preventive. Beard v. Stephens, 5 Cir., 1967, 372 F.2d 685, 690, n. 8; United States v. Clark, S.D. Ala., 1965, 249 F.Supp. 720, 727–728 (three judge court).

**300**

Certainly, district attorneys, who enjoy only quasi-judicial status, neither need nor can claim an immunity broader than judges. Hence the motion to dismiss as to count II is denied.

Further, the immunity against damage suits granted prosecuting attorneys is narrower than that afforded judges. In Lewis v. Brautigam, 1955, 227 F.2d 124, 128–129, the Court of Appeals for the Fifth Circuit said, "[A] quasi-judicial officer, such as a prosecuting attorney, who acts outside the scope of his jurisdiction and without authorization of law, cannot shelter himself from liability by the plea that he is acting under color of office."

Some of the other circuits have refused to follow the rule in *Lewis* saying, "[T]he great weight of authority is to the contrary." Stift v. Lynch, 7 Cir., 1959, 267 F.2d 237, 239, citing decisions from the District of Columbia and the Sixth Circuits. On the other hand, the Ninth Circuit has specifically followed *Lewis* holding that while a prosecuting attorney, like other state officials enjoying similar status, is immune when he performs a discretionary act within the scope of his authority, Hoffman v. Halden, 9 Cir., 1959, 268 F.2d 280, his immunity ceases when he acts in some capacity other than his quasi-judicial one. He is "not immune from suit under the Act simply as a matter of status wholly without regard to the nature of [his] conduct." Robichaud v. Ronan, 9 Cir., 1965, 351 F.2d 533, 537.

But the issue should not be decided by counting courts. The decisions of the Court of Appeals for this circuit is the law of the circuit. And in principle it is correct. A district attorney who acts beyond the scope of his authority, using his office in pursuit of a conspiracy to accomplish an unlawful purpose, should not be immune from suit.

"Section 1983, first enacted in 1871, was intended to provide a remedy to persons subjected to '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, * * *.' United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), quoted in Monroe v. Pape [1961], 365 U.S. [167] at 184, 81 S.Ct. [473] at 482 [5 L.Ed.2d 492]. Thus, if immunities are broadly granted to state officers without consideration of the nature of their alleged misdeeds and the reason for the immunity, the statute becomes subject to circumvention, if not emasculation." Robichaud v. Ronan, 9 Cir., 1965, 351 F.2d 533, 536.

The complaint states a claim on its face for which relief should be granted if the facts alleged are proved. The motion to dismiss is therefore denied.