Hattie BISHOP, Sweet Georgia Brown, Leslie Campbell, Esther Collins, Edgar Morris, Fred Perry, Elaine Rooke, Albert Vann and C. Herbert Oliver, Plaintiffs,

v.

Elliot GOLDEN, individually and as Acting District Attorney, Kings County, State of New York, Defendant.

No. 68–Civ–1318.

United States District Court
E. D. New York.

Aug. 7, 1969.

6. See United States v. Busch, 64 F.2d 27 (2d Cir. 1933).

**504**

William M. Kunstler, Arthur Kinoy, William J. Bender, New York City, Morton Stavis, Newark, N. J., for plaintiffs; by Nancy Stearns, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York by Daniel M. Cohen, Asst. Atty. Gen., New York City, for defendant.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Defendant, formerly Acting District Attorney of Kings County, has moved for summary judgment to dismiss an action which seeks to enjoin the prosecution of indictments under state statutes and to recover damages from him for instituting such actions.

The plaintiffs were involved in the well-publicized events of the fall of 1968 surrounding the Ocean-Hill-Brownsville School District in Brooklyn. All but Rev. C. Herbert Oliver have been indicted under New York Penal Law, McKinney's Consol.Laws, c. 40, § 195.05 entitled "Obstructing governmental administration," and three of the plaintiffs were further charged with violation of Penal Law § 135.60 entitled "Coercion in the second degree." Plaintiff Oliver sues as an individual and as Chairman of the Governing Board of the Ocean-Hill-Brownsville School District.

The plaintiffs seek an injunction against the enforcement of these sections of the Penal Law; a declaratory judgment that the statutes are void on their face or as applied; and damages in the amount of $50,000 each.

The prayers for injunction and for declaratory relief are related to such an extent that they are best discussed together. Plaintiffs assert that a three-judge court must be convened to consider the case. The need for such a court depends on the strength of their first two prayers.

Plaintiffs' first burden in seeking an injunction against the prosecution of a criminal case is to overcome the statutory bar against federal courts enjoining proceedings in state courts. The rule is set forth in 28 U.S.C. § 2283:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Plaintiffs rely on Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965), to argue that where the exercise of First Amendment rights is jeopardized, there should be no hesitancy on the part of a federal court to intervene. In that case, officers of a group active in civil rights work in Louisiana were threatened with prosecution under that state's "Subversive Activities and Communist Control Law" and "Communist Propaganda Control Law." They sought declaratory relief and an injunction under the Civil Rights Act, 42 U.S.C. § 1983. A three-judge court was convened and dismissed the complaint. The Supreme Court, in reversing, emphasized that it was dealing with "a statute regulating expression," which had "an overbroad sweep" and which threatened "loss or substantial impairment" of First Amendment rights. 380 U.S. at 486, 85 S.Ct. 1116. Under such circumstances, it held that the mere threat of prosecution, under such a statute, regardless of "the improbability of successful prosecution" (p. 487, 85 S.Ct. 1116), may result in a "chilling effect upon the exercise of First Amendment rights * * *." The effect of 28 U.S.C. § 2283 did not have to be faced in *Dombrowski*. The arrest warrants against two of the plaintiffs had already been quashed by

the state court, and at the time the action was brought there was no pending prosecution. *Dombrowski* was therefore an application of the rule that Section 2283 does not forbid an injunction before a state prosecution has been commenced. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 53 L.Ed. 714 (1908).

▆▆▆ Plaintiffs here challenge the validity of two sections of the New York Penal Law, which are part of a completely revised statute coming into effect on September 1, 1967.

"§ 135.60 Coercion in the second degree

"A person is guilty of coercion in the second degree when he compels or induces a person to engage in conduct which the latter has a legal right to abstain from engaging in, or to abstain from engaging in conduct in which he has a legal right to engage, by means of instilling in him a fear that, if the demand is not complied with, the actor or another will:

"1. Cause physical injury to a person; or * * *."

"§ 195.05 Obstructing governmental administration

"A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act."

Neither section on its face comes close to regulating First Amendment activity.

▆▆▆ Coercion, which is covered by Section 135.60, is defined as the crime of compelling a person to "engage in conduct which the latter has a legal right to abstain from engaging in, or to abstain from engaging in conduct in which he has a legal right to engage * * *" by means of instilling in the victim a fear that, if the demands are

not complied with, the actor will do one or more of nine enumerated acts. Each of these categories is well defined. The indictments of Elaine Rooke, Edgar Morris, and Leslie Campbell charge crimes in the language of Section 135.-60, and each of them charges that the means of coercion was the threat of physical injury to the victim. The indictments thus set out the elements of a crime, devoid of any reasonable possibility of attack as impairing First Amendment rights (Cf. Penal Law of 1909, § 530).

▆▆▆ Section 195.05 of the Penal Law is the basis of a charge against all the indicted plaintiffs. Each of the indictments specifies that the particular defendant, on or about a particular date, with the requisite intent, prevented or attempted to prevent, a particular assistant principal or teacher from performing his or her official duties by means of "intimidation, physical force and interference and by means of any independently unlawful act." There is no charge here of any activity which, if the plaintiffs refrained from doing it, would affect their exercise of First Amendment rights. No one is charged with uttering political sentiments which offend the established power structure or the entrenched majority. These plaintiffs are charged with preventing specified city employees from doing their duty.

There is a vast distinction between a "political crime" and a crime committed for a political reason. In any case, where Congress or the State legislatures have sought to create a "political crime," the judicial branch of government has been vigilant in restricting application of the statute, as evidenced by *Dombrowski*. Our recent history is replete with real crimes committed for arguably political reasons. Assassinations of political figures, lynchings, and interference with the exercise of constitutionally protected activities, may all be justified by their perpetrators by the political objectives for which they are committed. They are not therefore justifiable, or constitutionally protected.

It is therefore irrelevant to the validity of the statutes challenged here whether the acts charged were committed in the context of a passionate political struggle. If they were committed, and the State can prove the acts and the intent charged, the plaintiffs will have to accept the penalties for such activity.

The substance of this case is much closer to Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968) than to *Dombrowski*. In *Cameron*, the Mississippi Anti-Picketing Law was sustained, and an injunction against pending prosecutions was denied. In upholding the Mississippi statute, the Supreme Court recognized that it was "a statute narrowly regulating conduct which is intertwined with expression." 390 U.S. at 618, 88 S.Ct. at 1339. The statute prohibited picketing and demonstrations which interfered with the orderly access to public buildings. The statutes attacked here are in no way "intertwined with expression." They regulate only conduct. Picketing is a generally protected activity. Coercion, threats, and obstruction of governmental administration are in a different category. Therefore, the challenge to the constitutionality of the statute as violating First Amendment rights is devoid of merit, and insubstantial.

Plaintiffs' argument that these sections are void for vagueness is equally without merit.

■ The coercion statute (§ 135.60) punishes coercion effected by instilling a fear that the defendant will do one of nine clearly defined acts, of which the only one charged here is instilling a fear of physical injury. Plaintiffs suggest that it may encompass unknowing or unintentional behavior by the person accused. There is no basis for fearing that the New York courts will give it a meaning so contrary to usual criminal law standards.

■ The statute against obstructing governmental administration requires as an element of the crime that the accused act by one of three methods: (1) "in-timidation," (2) "physical force or interference," or (3) "any independently unlawful act." Plaintiffs claim to find vagueness in the word "intimidation," citing a turn-of-the century case, and omitting the court's statement there that "every person knows * * * whether his acts are intimidating." Union Pacific R. Co. v. Ruef, 120 F. 102 at 121 (D.Neb.1902). All of those words and phrases are reasonably clear. Plaintiffs also attack the word "interference" as vague—but only by separating it from the word "physical." It is only physical interference which is encompassed in the second method of obstruction. Attacks on "impairs" or "perverts" as overbroad are irrelevant, so long as the proscribed methods of obstruction are clear.

■ Where the constitutional questions presented are *insubstantial*, there is no duty to assemble a three-judge court, and a single judge can dismiss the complaint. Offermann v. Nitkowski, 378 F.2d 22 (2d Cir.1967); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

■ Plaintiffs also assert that the prosecutions were badly motivated, with the purpose of sabotaging their plans for decentralization and educational improvement in the Ocean-Hill-Brownsville district, and of preventing the orderly transfer of power to the Black and Puerto Rican communities.

The complaint alleges that the defendant "has entered into a conspiracy with persons whose names are not presently known to the plaintiffs" to use his office unlawfully and unconstitutionally to "harass, obstruct, impede, destroy and malign the Ocean-Hill-Brownsville Governing Board."

Specifically, plaintiffs complain that their prosecutions are selective and racially motivated law enforcement, because no criminal prosecutions have been instituted under Section 195.05 against white members of the United Federation of Teachers who engaged in an illegal strike (an "independently unlawful act") and one of whom is alleged to have assaulted a student.

Defendant has supported his motion for summary judgment with an affidavit in which he recites, among other things:

(a) that each decision and act performed by him was done in his official capacity, and in the due and conscientious execution of his duties;

(b) that the indictments were each returned in accordance with New York law, and that all the objections raised in the complaint may be presented as defenses in the pending state court prosecutions;

(c) that defendant exercised his discretion as to which criminal proceedings to institute after weighing the vast public considerations and interest in the settlement of the public school strike;

(d) that one of the factors he considered was the fact that criminal contempt proceedings against the teachers organizations were instituted in New York County, and resulted in the union being found guilty of criminal contempt; and

(e) that he conspired with no one, and endeavored to avoid any conduct that could be seized upon "as an effort to bring about the demise of the Ocean-Hill-Brownsville decentralization project," and sought to safeguard the rights of those accused to the interposition of a grand jury or an ultimate jury trial.

Plaintiffs have produced no facts to support their complaint, in spite of the provision of F.R.Civ.P. 56(e) that when a motion for summary judgment is supported by affidavits,

> "an adverse party may not rest upon the mere allegations or demands of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Plaintiffs have failed to make a showing on the merits of any ground for enjoining the state prosecutions. They rely largely on Sobol v. Perez, 289 F. Supp. 392 (E.D.La.1968), where the court enjoined the prosecution of an out of state lawyer for unauthorized practice of law. He was temporarily in Louisiana to give legal assistance to Negroes and civil rights workers. The United States intervened in that case "because it considered such relief vital to the national interest." 289 F.Supp. at 394. The Louisiana State Bar Association joined in the request for injunctive relief. The court found that the prosecution was "without basis in law or fact." 289 F.Supp. at 401. None of the special features which led the court to act in the Sobol case are present here, even if the allegations of the complaint were considered without specific support by affidavits.

The acts and failures to act which are alleged do not make a prima facie case of racially motivated law enforcement. In the one specific case mentioned in the complaint, it is alleged that the defendant "refused even to investigate or to consider the filing of criminal charges against" a specified teacher. Even if the plaintiffs could prove what the defendant did not consider, this court could not properly inquire into the District Attorney's exercise of discretion to prosecute a particular case.

Since the plaintiffs have not shown a basis for equitable relief either on the question of unconstitutionality of the statute or on improper motivation of the prosecution, there is no need to decide whether a suit under 42 U.S.C. § 1983 is an exception "expressly authorized by Act of Congress" to the prohibition of stays of state court suits under 28 U.S.C. § 2283. Cf. Dombrowski v. Pfister, 380 U.S. at 484, n. 2, 85 U.S. at 1120n.

The denial of an injunction against the state court prosecutions makes it unnecessary to entertain the request for a declaratory judgment. The reasons have been fully set forth by Judge Frankel in Richardson v. Dudley, 295 F.Supp. 181, 186 (S.D.N.Y.1969). See also Fenster v. Leary, 264 F.Supp. 153 (S.D.N.Y.1966), affd, 386 U.S. 10, 87 S.Ct. 862, 17 L.Ed. 2d 701 (1967).

The conclusion is not altered by the presence of one plaintiff who is not a defendant in any pending prosecution.

**508**

All issues concerning the validity of the statutes can be decided in the state courts in the pending cases. Rev. Mr. Oliver shows no reason why he should be given a federal forum that is not available to his coplaintiffs.

■ In addition to their equitable remedies, the plaintiffs have demanded damages. The traditional immunity of judges and district attorneys acting in their quasi-judicial capacity has nearly uniform support in the cases. Fanale v. Sheehy, 385 F.2d 866, 867 (2d Cir. 1967); Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.1966) and cases cited therein.

■ The facts alleged here do not give any basis for holding that defendant acted "in some capacity other than his quasi-judicial capacity," as charged in Robichand v. Ronan, 351 F.2d 533, 536 (9th Cir.1965). The *Robichand* case reiterated the rule that a district attorney was immune from suit for malicious prosecution, but held that he might be suable under the Civil Rights Act, "If he acts in the role of a policeman" (351 F. 2d at 536), since a policeman is not entitled to immunity. The complaint in *Robichand* had been dismissed below for failure to state a claim. The present case, on a motion for summary judgment supported by affidavits, is different procedurally as well as factually.

Rousselle v. Perez, 293 F.Supp. 298 (E.D.La.1968), held only that the complaint stated a cause of action based on the defendant district attorney acting beyond the scope of his authority. Plaintiff in the *Rousselle* case was represented by the same attorney whom the defendant district attorney had formerly sought to prosecute for unauthorized practice of law.

Defendant's motion for summary judgment is granted. The motion to vacate plaintiffs' notice to take depositions is therefore academic.

Judgment will be entered dismissing the complaint.

It is so ordered.