M. Michael Potoker, J.
This delinquency petition alleges that an elementary school student prevented a teacher from conducting her class by talking loudly and boisterously with other students, by refusing to be seated after being told to do so on numerous occasions and directing foul and obscene language at petitioner and thereafter shoving and pushing her.
Petitioner testified that on the day in question she was taking the roll for the purpose of dismissing her home room class. Respondent, a -student in her class, was standing at the back of the room speaking to students outside of the classroom and when asked to -sit down replied in obscene language. She thereupon went to the back of the class to compel respondent to take his seat when he shoved and pushed her and left the room. Petitioner then stated that she finished with her -class, dismissed the students and went to report the incident to her superiors.
*1033 Respondent is charged with committing an act which if committed by an adult would constitute a violation of section 195.05 of the Penal Law, obstructing governmental administration. The statute provides: “A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of an independently unlawful act.”
Counsel for respondent contends that this section was not intended to include within its scope incidents which involve minor breaches of a school’s internal classroom discipline and which a school is equipped to handle through its oym processes. He concedes that while section 195.05 may, under certain circumstances such as those found in Bishop v. Golden (302 F. Supp. 502), apply to disruptive acts against the State’s educational institutions it should not be applied to an incident involving a minor disruption of internal classroom discipline allegedly caused by a single, spontaneous act of disobedience.
Counsel for the Board of Education counters that the mere fact that schools have internal discipline powers does not exclude them from purview of the Penal Law and that the mere attempt to prevent a school teacher from performing her normal duties would by any interpretation constitute a violation of the section. In his opinion there need not have been an actual interruption of the class. The fact that the petitioner had to stop what she was doing and speak to the respondent about his behavior, and respondent’s actions thereafter, would clearly sustain a violation of the subject statute.
The case is apparently one of first impression. There are no reported cases involving situations arising in schools between teacher and pupil. Nor could the court find in comparing similar statutes from other States any case where an obstructing governmental administration statute was used in the case of teacher-student altercations. Reported cases applying the section relate almost exclusively to fact patterns of resisting arrest or interfering with a police officer involved in his official duty. For example, in People v. Shea (68 Misc 2d 271), the court upheld the sufficiency of the charges against the defendants who allegedly surrounded a police officer in such a manner as to threaten him with physical violence, and thereby prevented the officer from detaining an individual in his custody. Similarly, in People v. Crayton (55 Misc 2d 213), the defendants were *1034 charged with obstructing governmental administration when, during a sit-in in the Mayor’s office, the defendants refused to leave when requested to do so by the police. When arrested, the defendants went limp forcing the police to drag them from the premises. In finding the defendants guilty as charged, the court stated that: ‘ ‘ the obvious intent of such a statute is that the police go about their business without any obstacles put in their way — ‘ to allow the actions of the police to proceed calmly,' efficiently and without difficulty ’ ”. (Id., p. 216; see, also, People v. Martinez, 43 Misc 2d 94; People v. Papp, 19 Misc 2d 331.)
Notwithstanding the absence of reported cases this court unequivocally holds that school teachers and their superiors are persons performing such governmental functions within the purview of section 195.05 of the Penal Law.
However to sustain a finding of juvenile delinquency based on allegations in compliance with the afore-mentioned Penal Law provision there must be present an intent to interfere with a teacher or ether school personnel’s performance of his official role. An isolated minor disruption lacking such intent could not be considered a violation of the section.
In Bishop v. Golden (302 F. Supp. 502, supra), a ease involving the controversy over the Ocean Hill-Brownsville School District, the court, in upholding the constitutionality of section 195.05, did indeed apply this section to the performance of a school teacher and an assistant principal who were prevented from entering the school building by threats and physical force. The facts in the present case are, however, different. In the Bishop case those persons charged with violation of the section intended to prevent a school teacher from reaching his classroom and carrying out his official function. In this case there was no such intent. The petitioner, while performing her governmental function, had an altercation with a student. Although such incidents are regrettable they are apparently so commonplace in today’s school systfem that dealing with them has indeed become a function of the school teacher. Respondent should of course be held accountable to the school system for his actions and if he persists in acting out in the future he will have established a pattern of incorrigibility that would subject him to the jurisdiction of the Family Court under subdivision (b) of section 712 of the Family Court Act (persons in need of supervision). School teachers may originate proceedings under article 7 of the act (see § 733, subd. [d]).
Since there must be more than a single isolated incident to support a determination of a person in need of supervision, the *1035 court is precluded herein from substituting a pins petition. (See Matter of Raymond O. (Anonymous) v. City of New York, 31 N Y 2d 730; Matter of David W., 28 N Y 2d 589.)
Unlike its predecessor sections of the Penal Law which applied to specific acts (§§ 196, 490, 1320, 1322, 1824, 1825, 1850, 1851) section 195.05 is a generally worded statute and its general form allows greater judicial discretion than its precursor provisions but it is not intended as a “catchall provision.” (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 195.05.)
If the court were to apply section 195.05 to situations like the present case it would open a floodgate of tens of thousands of complaints annually. Teachers would be spending most of their time in courtrooms instead of classrooms, as complainants instead of instructors. School teachers do and may continue to seek the aid of the Family Court in dealing with persons in need of supervision, school truants and students who are charged with criminal behavior, including in the appropriate case obstructing governmental administration.
Legislation to enlarge the definition of a juvenile delinquent to include violations as defined in the Penal Law was passed by the State Legislature in 1972 only to be vetoed by the Governor without offering an alternative. Disorderly conduct, drunkenness and harassment are only some of the violations which the Family Court is now precluded from handling.
For the reasons afore-mentioned the petition is dismissed.