STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID H. BRIGHTER, Defendant-Appellant

NO. 6301

DECEMBER 30, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ.,
AND RETIRED JUSTICE MARUMOTO, ASSIGNED
IN PLACE OF KIDWELL, J., ABSENT*

---

\* Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-10 (1979 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

*Per Curiam.* This is an appeal by the defendant who was convicted on two counts of attempted criminal coercion. Specifically, the first count charged, in pertinent part, that the defendant

On or about the 29th day of October, 1974, in Kona . . . did attempt to intentionally compel and induce Dorothy Darnell to engage in conduct from which she has a legal right to abstain, by instilling in the said Dorothy Darnell a fear that if the demand of the said David H. Brighter to pay an alleged debt to David H. Brighter was not complied with by Dorothy Darnell, then David H. Brighter and a third person or persons will cause bodily injury to the said Dorothy Darnell.

The second count charged, in pertinent part, that the defendant did

On or about the 14th day of March, 1975, in Kona, County and State of Hawaii, did attempt to intentionally compel and induce Dorothy Darnell to engage in conduct from which she had a legal right to abstain, by instilling in the said Dorothy Darnell a fear that if the demand of the said David H. Brighter to pay an alleged debt to David H. Brighter was not complied with by Dorothy Darnell, then David H. Brighter and a third person or persons will cause property damage.

The facts which gave rise to the indictment essentially were that the defendant and his brother had, on the strength of a contemplated partnership in the operation of a restaurant-bar in Kona, advanced certain sums to Dorothy Darnell. When the deal fell through, the defendant demanded the money back. When she refused, the defendant on the first occasion threatened to inflict bodily harm upon her if she failed to comply. On the second occasion he threatened serious damage to her property.

The defendant was indicted under penal code provisions identical to HRS § 705-500 (1976) and HRS §. 707-724(1)(a) and (b) (1976) (current version at HRS § 707-764(2) (Supp. 1979)).

HRS § 705-500 (1976) provides in pertinent part:

(1) A person is guilty of an attempt to commit a crime if he:

. . . .

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

HRS § 707-724(1)(a) and (b) (1976) (repealed 1979) provided:

(1)  A person commits the offense of criminal coercion if he intentionally compels or induces another person to engage in conduct *from which he has a legal right to abstain* or to abstain from conduct in which he has a legal right to engage, by means of instilling in him a fear that, if the demand is not complied with, the defendant or a third person will:

(a)  Cause bodily injury to any person; or

(b)  Cause damage to property. [Emphasis added]

Initially, we find defendant's challenge to the constitutionality of HRS § 707-724(1)(a) and (b) to be without merit. *See Bishop v. Golden,* 302 F. Supp. 502, 505-06 (E.D.N.Y. 1969). The defendant, however, has raised the very important point that in order to give effect to all of the statutory provisions, it was incumbent upon the State to prove that the complaining witness "ha[d] a legal right to abstain" from paying back the money he and his brother had advanced to the complainant. We agree. Her legal right to abstain was an essential component of the offense of criminal coercion, and unless it was shown that she was not legally responsible for the alleged debt, the defendant might have been guilty of some other offense, *e.g.,* terroristic threatening (HRS § 707-715 (1976) (amended 1979)), but not of criminal coercion.[1] The State, therefore, was erroneously relieved of its burden, and the issue was improperly removed from jury consideration when the trial court instructed the jury as follows:

Under our laws, a person has a legal right to abstain from paying an alleged debt under threat of bodily injury or property damage by the alleged creditor since the use of threats of bodily injury or property damage to the debtor to compel or induce payment of an alleged debt is not a lawful means of collecting a debt under the law of Hawaii.

This court has held that where no bonafide claim of right is made to *specific* property, the claim of right defense established by HRS §

---

[1] The offense of criminal coercion is now subsumed under the statutory scheme defining extortion, HRS § 707-764(2) (Supp. 1979). What we have said thus far applies equally to the current subsection; however, it is possible that the facts of this case would today constitute extortion under other provisions of the new statutory scheme which expands the former extortion laws to prohibit extortionate credit transactions. *See* HRS §§ 707-760(5)-(6), -763(1)(a), -765(1)(b) (Supp. 1979), *as amended by* Act 232, 1980 Haw. Sess. Laws 391.

708-834[2] is not available to a defendant charged with theft or robbery. *State v. Brighter,* 62 Haw. 25, 30, 608 P.2d 855, 858-59 (1980). Neither would it be a defense to criminal coercion.[3] Thus, while the latter part of the instruction correctly states the law, the first part is at best misleading. In any event, it is not applicable to this case and should not have been given.

We find that the trial court also erred in another important respect. The following State-requested instruction was given by the trial court over the objection of the defendant:

A person commits an attempt to commit a particular offense if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the commission of the particular crime.

In voicing his objection, defense counsel advised the trial court that the defendant's requested instruction on the subject would be more comprehensive. The trial court, however, overruled the objection and refused the following defense-offered instruction:

When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

---

[2] HRS § 708-834 (Supp. 1979) (revised 1980) provides in pertinent part as follows:
(1) It is a defense to a prosecution for theft that the defendant:

.  .  .  .

(b) Believed that he was entitled to the property . . . under a claim of right or that he was authorized, by the owner or by law, to obtain or exert control as he did.
The identical defense is available under the penal provisions governing extortion, HRS § 707-769(1)(b) (Supp. 1979).

[3] *See* HRS § 707-725 (1976) (repealed 1979) (defense to criminal coercion). In consolidating the former offense of criminal coercion into the present penal provisions on extortion, the State legislature retained the former defense only as an affirmative defense, HRS § 707-769(4) (Supp. 1979), and expressly sought to make the claim-of-right defense unavailable in certain situations, Conf. Comm. Rep. No. 43, 10th Hawaii Leg., 1st Sess., *reprinted in* Senate Journal 972 (1979). *See* HRS § 707-769(1)(b), (5) (Supp. 1979).

*Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.* (Emphasis added)

The last paragraph of the proposed defense instruction was essential to a complete understanding by the jury of what the law considers to be a "substantial step" toward the commission of an offense. HRS § 705-500(3). *See State v. Laurie,* 56 Haw. 664, 671, 548 P.2d 271, 277 (1976). It should have been incorporated in the instruction given.

Reversed and remanded for new trial.

*Shelton Jim On,* Deputy Public Defender, for defendant-appellant.

*Douglas L. Halsted,* Deputy Prosecuting Attorney, for plaintiff-appellee.