John S. FANALE, Plaintiff-Appellant,

v.

Hon. J. Webb SHEEHY, Justice of the Peace, Town of Irondequoit, County of Monroe, New York, and Hon. John C. Little, Jr., District Attorney, County of Monroe, New York, Defendants-Appellees,

and

Lennarth C. Anderson et al., Defendants.

No. 40, Docket 31246.

United States Court of Appeals Second Circuit.

Argued Sept. 22, 1967.

Decided Nov. 9, 1967.

Sam Polur, New York City (Polur & Polur, New York City, on the brief), for appellant.

Hyman T. Maas, Rochester, N. Y., Town Atty., Town of Irondequoit, for appellee Sheehy.

Carl L. Feinstock, Rochester, N. Y. (William J. Stevens, Rochester, N. Y., Monroe County Legal Adviser, on the brief), for appellee Little.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the district court granting summary judgment in favor of two defendants in a suit for damages under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3), on the ground that they were immune from suit under that Act. We affirm.

Plaintiff, John S. Fanale, brought suit against Hon. J. Webb Sheehy, Justice of the Peace, Town of Irondequoit, ana John C. Little, Monroe County District Attorney, appellees herein, and several others, including police officers, zoning officials, and private citizens. He alleged a conspiracy to deprive him of his civil rights in connection with certain adverse rulings by the zoning board and his conviction for third degree assault on Raymond T. Masters, with whom he was engaged in a zoning dispute. Appellee

Sheehy tried the assault case and appellee Little's assistant was the prosecutor. After a jury trial appellant was convicted and fined fifty dollars. He took no appeal.

Appellant asserts that Justice of the Peace Sheehy signed a defective information which the defendant police officers used as authority to threaten and harass him, that the information was insufficient to give the court jurisdiction, that the court lacked jurisdiction over the crime of assault in the third degree, that the court countenanced the use of perjured testimony, and that the court should have directed a verdict in his favor.

The recent case of Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), is clearly dispositive of these claims. The Court there held that a judge is immune from suit under the Civil Rights Act when he acts "within his jurisdiction" or "within the judicial role."

■ Appellant's contention that the justice of the peace court lacked jurisdiction is without support in the New York statutes and cases. As a justice of the peace, appellee Sheehy clearly had jurisdiction to try a case of assault in the third degree under Sections 56(2)[1] and 62 of the New York Code of Criminal Procedure.

■ The alleged deficiencies in the information had no effect on its validity. The section number of the Penal Law claimed to have been violated did not have to be recited in the information. People v. Dioquardo, 303 N.Y. 514, 104 N.E.2d 881 (1952). The charge of "assault and battery" was equivalent to a charge of assault in the third degree. In re Bray, 12 N.Y.S. 366 (Sup.Ct. 1890).[2]

■ Even if the justice of the peace was in error in resolving these questions of jurisdiction, he is not liable under the Civil Rights Act. Where jurisdiction depends on the resolution of factual issues or involves debatable questions of law judges do not lose their immunity. See Bottone v. Lindsley, 170 F.2d 705, 707 (10th Cir. 1948), cert. denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949); Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963), cert. denied, 377 U.S. 932, 84 S.Ct. 1334, 12 L.Ed.2d 296 (1964).

■ The immunity rule is designed to promote "principled and fearless decision-making" by removing a judge's "fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Pierson v. Ray, 386 U.S. at 554, 87 S.Ct. at 1218. To accomplish this purpose exceptions must be confined to situations in which it is perfectly clear that the court acted wholly without jurisdiction.

None of the allegations of the complaint are directed specifically against District Attorney Little. Presumably his part in the alleged conspiracy consisted of the determination to undertake the prosecution of the appellant and the conduct of the prosecution through one of of his assistants. At any rate the complaint provides no basis for assuming that Little played any part except that imposed upon him by his official position.

■ If, then, as we hold, the complaint's allegations as to Little are confined to official action, he, too, is entitled to immunity. Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); Yaselli v. Goff, 12 F.2d 396 (2d Cir. 1926), aff'd, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927) (per curiam); Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966) (en banc), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Gabbard v. Rose, 359 F.2d 182 (6th Cir. 1966); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963); Kostal v. Ston-

---

1. Repealed effective September 1, 1967, but in effect at the time of trial.

2. This conclusion is supported by the language of the former Penal Law, which was in effect at the time of this trial. The phrase "assault and battery" appears in no assault section other than Section 244, the section defining assault in the third degree.

er, 292 F.2d 492 (10th Cir. 1961), cert. denied, 369 U.S. 868, 82 S.Ct. 1032, 8 L.Ed.2d 87 (1962).

Affirmed.

WATERMAN, Circuit Judge (concurring):

I concur in the opinion of the court and I also concur in the caveat mentioned by Judge FEINBERG.

FEINBERG, Circuit Judge (concurring):

I concur in the decision of the court. As to defendant District Attorney Little, the decisions of this court cited by my brothers do establish a broad rule of immunity. However, if we were writing on a clean slate, I feel that there would be some situations—although this case is not one of them—in which even "official" acts of a prosecuting officer should not be protected by absolute immunity from civil liability. See the dissenting and concurring opinions of Judges Biggs, Freedman and Hastie in Bauers v. Heisel, 361 F.2d 581, 592–595 (3d Cir. 1966) (en banc), cert. denied, 386 U.S. · 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967).