**John S. FANALE, Plaintiff-Appellant,**

**v.**

**Lennarth C. ANDERSON, Theodore Epping, Harvey Rosenbloom, John J. Kaleta, Frank N. Palma, Lloyd Jackson, Joseph Scardato, Raymond T. Masters, Charles W. Rogers and Theodore Pucher, Defendants-Appellees.**

**No. 478, Docket 34211.**

United States Court of Appeals, Second Circuit.

Argued May 19, 1970.

Decided May 27, 1970.

John S. Fanale, pro se.

Brian J. Burroughs, Rochester, N. Y. (Charles L. Willis, Corp. Counsel of City of Rochester, of counsel), for appellees Anderson, Epping, Rosenbloom, Kaleta, Palma and Jackson.

Casper V. Baltensperger, Rochester, N. Y. (Nixon, Hargrave, Devans & Doyle, Rochester), for appellees Rogers and Pucher.

David A. Merkel, Rochester, N. Y. (Solomon, Ashworth, Merkel & Polozie, Rochester), on the brief, for appellees Scardato and Masters.

Before SMITH and ANDERSON, Circuit Judges, and BARTELS, District Judge.*

PER CURIAM:

Appellant, embroiled with the owners and occupiers of real property adjacent to premises on which he was constructing a building to house a retail food store, was an unsuccessful litigant before two state tribunals, on a zoning ruling and a justice court conviction following an altercation. The zoning board of appeals upheld on conflicting testimony a stone selling and cutting business on the property adjacent to appellant's as a permitted use. This ruling was confirmed in the Supreme Court of the State of New York, and affirmed on appeal by the Appellate Division, 25 A.D.2d 498, 267 N.Y.S.2d 320 (4th Dept. 1966). Permission to appeal to the Court of Appeals was denied, 219 N.E.2d 299 (1966), and certiorari to the United States Supreme Court likewise denied, 385 U.S. 976, 87 S.Ct. 506, 17 L.Ed.2d 438 (1966).

The criminal conviction before a justice of the peace in Irondequoit was based on conflicting testimony on whether the incident took place within or without the boundaries of Irondequoit, and on whether Fanale or another was the aggressor. No appeal was timely filed. Convinced that his lack of success was due not to lack of merit in his legal positions, but to a nefarious conspiracy to deprive him of his civil rights, he brought a civil action under the Civil Rights Act, 28 U.S.C. § 1343, 42 U.S.C. §§ 1983 and 1985, in the United States District Court for the Western District of New York, naming the members of the tribunals, lawyers, and parties. After dismissal as to two defendants, upheld by this court in Fanale v. Sheehy, 385 F.2d 866 (2d Cir. 1967) on the ground of judicial or official immunity, and consent dismissal as to others, the case came to trial against the members of the zoning board of appeals, the owner and occupier of the neighboring property, and counsel. On trial to the jury, Judge Harold P. Burke presiding, the verdict and judgment went for the defendants, the jury finding specifically that no conspiracy existed. On appeal to this court Fanale attempts to reargue the questions of fact submitted to the jury, as well as to add his counsel and the court to the list of conspirators.

■ The jury verdict under adequate instructions on the law applicable, based as it is in part on an appraisal of the credibility of the witnesses, and consequent failure of proof of any illegal agreement, must stand. "It is fundamental that the evidence and the reasonable inferences to be drawn therefrom must be taken most favorably to the party who secured the verdict. Lavender v. Kurn, 327 U.S. 645, 652–653, 66 S.Ct. 740, 90 L.Ed. 916 (1946) * * *." Massaro v. United States Lines Company, 307 F.2d 299, 303 (3d Cir., 1962). We do not reach additional claims of qualified immunity. The attempted attack on counsel and court is not before us on this appeal. We find no error and affirm the judgment.