333 F.Supp. 1031 (1971)
Shirley S. SCHWARTZ, Plaintiff,
v.
Noah WEINSTEIN (Judge of Juvenile Court of St. Louis County, Mo.), Defendant.
No. 71 C 537(2).
United States District Court, E. D. Missouri, E. D.
October 28, 1971.
*1032 Shirley S. Schwartz, pro se.
Robert P. Elam, St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
This is a civil rights action in two counts seeking recovery of actual and punitive damages. Defendant is a judge of the Circuit Court of St. Louis County, Missouri, presiding in the juvenile division of the court at the times complained of. He has moved to dismiss the complaint on the basis of his asserted judicial immunity.
In Count I, plaintiff alleges that as Judge of the Juvenile Court defendant ordered custody of plaintiff's daughter transferred from plaintiff to her former husband, Aaron Lipschitz, the girl's father, but that on September 23, 1971, the St. Louis Court of Appeals reversed this decision on the ground that the juvenile court lacked jurisdiction to make such an order. Actual damages of $50,000 are alleged to have resulted from Judge Weinstein's order.
In Count II, after incorporating by reference all the averments of the first count, the plaintiff then alleges that on March 1, 1971, in a habeas corpus proceeding directed against the girl's father, the St. Louis Court of Appeals ordered the child remanded to the custody of the plaintiff "in accordance with the custodial provisions of the divorce decree but without prejudice to the right of respondent or any proper party to proceed in the Circuit Court of St. Louis County by motion to modify or by other lawful proceedings in the matter of the custody of said minor child."[1] On March 2, 1971 in a second proceeding which the juvenile officer had initiated in the juvenile court the preceding day (after the Court of Appeals orally announced its decision), Judge Weinstein again assumed jurisdiction, held a hearing and then ordered the girl placed in a foster home. On June 28, 1971, upon application of plaintiff, the St. Louis Court of Appeals issued a preliminary writ of prohibition against Judge Weinstein, the writ being quashed on July 26, 1971, it appearing that Judge Weinstein had theretofore, on July 6, 1971, dismissed the petition in the second proceeding. On Count II plaintiff prays judgment for $50,000 actual damages and $50,000 punitive damages.
We hold that Judge Weinstein is protected by the doctrine of judicial immunity from liability for any of the damages sought by plaintiff in this action. The Supreme Court in Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646, held that a judge is exempted from all civil damage liability for acts done by him in the exercise of his judicial functions, and that this exemption is not affected by the motives by which his judicial acts are alleged to have been performed. And in Pierson v. Ray, 386 U. S. 547, 554-555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, the Supreme Court expressly held that the Civil Rights Act had not abolished the "immunity of judges for acts within the judicial role."[2]
As to Count I, plaintiff relies on the fact that in reversing Judge Weinstein's decision, the St. Louis Court of Appeals held (Lipschitz v. Smith, 459 S. *1033 W.2d 17 l. c. 19, 23) that "the juvenile court was without jurisdiction to award custody," and on this premise, she argues that the judge could not have been acting within his "judicial jurisdiction." We do not agree.
In the cited case, the Missouri court expressly held that where the juvenile officer files a petition in the juvenile court making the necessary charge (as here) "the court has jurisdiction to inquire into the validity of such charge." And indeed this very point had theretofore been ruled by the Missouri Supreme Court in State ex rel. Dubinsky v. Weinstein, Mo., 413 S.W.2d 178.
What the St. Louis Court of Appeals held on plaintiff's appeal was simply that the charge must be supported by "convincing evidence," else the juvenile court does not have jurisdiction to award custody (i. e. grant the relief sought) "thus depriving the divorce court of its jurisdiction to determine the matter." In arriving at its decision, the appellate court reviewed and weighed the evidence and concluded that the evidence heard by defendant was insufficient to support the charge which the juvenile officer had filed.
That Judge Weinstein had jurisdiction over the subject-matter of the proceedings before him admits of no doubt. That in exercising jurisdiction over the subject-matter, he may have acted in "excess" of his jurisdiction (which is the farthest reach of the St. Louis Court of Appeals' decision) does not deprive the judge of immunity from suit. As held in Jacobson v. Schaefer, 7 Cir., 441 F.2d 127, 129, "It is only when (a judge) has acted in the `clear absence of all jurisdiction over the subject-matter' that he may be sued for damages." Bradley, citing examples, explicitly makes this very distinction at page 352, of 80 U.S. And specifically applicable to the instant facts is the comment made in Fanale v. Sheehy, 2 Cir., 385 F.2d 866, 868: "Even if the justice of the peace was in error in resolving these questions of jurisdiction, he is not liable under the Civil Rights Act. Where jurisdiction depends on the resolution of factual issues or involves debatable questions of law judges do not lose their immunity."
Judge Weinstein did not act "wholly without jurisdiction" in determining the merits of the charge made in each of the petitions filed by the juvenile officer and in granting relief. This is unquestionably true as to the first proceeding in which the St. Louis Court of Appeals in effect held that Judge Weinstein's appraisal of the sufficiency or weight of the evidence was in error. And in our judgment it is equally true as to the second proceeding in which, whatever may have been the motives of the judge, which we do not here consider, he had jurisdiction over the subject matter, without regard to any question of whether he was acting in "excess" of his jurisdiction by allegedly violating the prior rulings of the St. Louis Court of Appeals.
The complaint fails to state a claim against Judge Weinstein upon which relief can be granted, and accordingly, defendant's motion to dismiss should be and it is hereby sustained and the complaint is hereby ordered dismissed.
NOTES
[1] The portion we have quoted from the habeas corpus order does not in terms appear in the complaint. However, that order was filed in this Court by plaintiff in support of her brief in opposition to defendant's motion to dismiss.
[2] Although Pierson was filed under Section 1983, 42 U.S.C., and the present action purports at least in part to be filed under Section 1985, the same principle is applicable even though the judge is alleged to be a party to a conspiracy. See, e. g., Agnew v. Moody, 9 Cir., 330 F.2d 868, 869, and Fanale v. Sheehy, 2 Cir., 385 F.2d 866.