**Shirley S. SCHWARTZ, Appellant,**

v.

**Noah WEINSTEIN, Appellee.**

**No. 71–1722.**

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1972.

Filed May 2, 1972.

Shirley S. Schwartz and Morton L. Schwartz, St. Louis, Mo., for appellant.

Roberts P. Elam, Clayton, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The appellant brought a civil rights action under 42 U.S.C. § 1985 seeking actual and punitive damages against a judge in the Juvenile Division of the Circuit Court of St. Louis County, Missouri, for his actions while adjudicating a case involving the custody of the appellant's daughter, the sole child of her prior marriage. The United States District Court dismissed the complaint on the basis of judicial immunity. Schwartz v. Weinstein, 333 F.Supp. 1031 (E.D.Mo.1971). We affirm.[1]

On appeal, the appellant argues that judicial immunity does not apply in this case since the appellee was acting outside his jurisdiction. The record shows that, following the appellant's divorce from her previous husband, custody of the daughter was granted the appellant. In June, 1969, custody was transferred to the father by the appellee upon petition by the juvenile officer of the court. On appeal, the award of custody was reversed on the ground that the evidence did not support the juvenile officer's petition for change of custody and that,

therefore, the appellee lacked jurisdiction to award custody of the child to the father.[2] Lipschitz v. Smith, 459 S.W.2d 17, 19 (Mo.App.1970). After this decision the custody of the child was not immediately returned to the appellant since, apparently, proceedings were pending to modify the custody provisions of the divorce decree. In the interim, the appellant gained custody by filing a habeas corpus petition in the St. Louis Court of Appeals. In re Lipschitz, 466 S.W.2d 183 (Mo.App.1971). Upon the child's learning of this decision, it became apparent that she was unwilling to be returned to the custody of the appellant. After a preliminary inquiry, the appellee determined that the child came within the provisions of Mo. Rev.Stat. § 211.031 (1969) and found that it would be in her best interest to place her temporarily in a foster home pending a full hearing. The appellant, on June 28, 1971, gained a preliminary writ of prohibition against this temporary action from the St. Louis Court of Appeals. Thereafter, the appellee dismissed the proceedings to place the child in the foster home.

Our analysis of the record satisfies us that all the acts complained of were exercised in the performance of the judicial function. The appellee, therefore, is entitled to receive full protection from liability under the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871); Serbus v. Hoffman, 450 F.2d 296, 298 (8th Cir. 1971). Accordingly, we affirm the District Court's dismissal of the complaint.

---

1. In the process of screening this case, it became apparent to the Court that it was a case which should be affirmed without oral argument pursuant to local Rule 8. This rule provides in part:
   "If as a result of a review under Rule 6 it shall appear to the Court that the decision of the trial court should be affirmed or reversed, the Court may take such action without motion by or further notice to the parties."

2. At this point, it is important to note that the appellee was not acting outside his jurisdiction in making the June, 1969, award since the juvenile court acquires jurisdiction over the child upon a proper petition by the juvenile officer even though the child was already a ward of the Circuit Court because of the divorce of his or her parents. State ex rel. Dubinsky v. Weinstein, 413 S.W.2d 178, 180–181 (Mo. 1967).