Paul A. JONES

v.

**JEFFERSON COUNTY BOARD OF EDUCATION et al.**

**Civ. A. No. 7783.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 15, 1972.

---

Charles N. Rader, Ambrose, Wilson & Lockridge, Knoxville, Tenn., for plaintiff.

Richard L. Hollow, Knoxville, Tenn., Chester Rainwater, Jr., Dandridge, Tenn., Teddy L. Willocks, Knoxville, Tenn., O. D. Bridges, Catlett, Ramsey & Bridges, Jefferson City, Tenn., for defendants.

## MEMO AND ORDER

ROBERT L. TAYLOR, District Judge.

Defendants have moved the Court for an order setting aside the verdict of the jury and the judgment entered thereon and for an order sustaining defendants' motion for a summary judgment previously filed and which was renewed during the trial on the merits. Defendants claim that each of them is immune from an action under § 1983 of Title 42 U.S.C. In the alternative, defendants move to set aside the verdict and the judgment entered thereon and for a new trial upon three grounds: (1) That the verdict is contrary to the weight of the evidence; (2) the Court erred in permitting the testimony of the last rebuttal witness; (3) the Court erred as a matter of law in permitting the plaintiff to allege denial of substantive and procedural due process based upon failure of notification when, according to the record and undisputed testimony, plaintiff, by his actions, actually and constructively waived any defect which might have existed in notification procedures on the part of the defendants.

Referring to the motion for summary judgment, the motion as to the Jefferson County School Board of Education is good because it is not a person within the meaning of the Civil Rights Act (42 U.S.C. § 1983). Monroe v. Pape, 365 U. S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

The individual defendants claim that they are likewise immune from suit under Title 42 U.S.C. § 1983 for two reasons: First, that they sat as an investigatory and hearing body and functioned in a quasi-judicial capacity and were, therefore, immune from civil suit. Second, that public officials in performance of the discretionary duties conferred upon them are likewise immune from civil suit. Neither reason is sound. The case was submitted to the jury on the sole issue of whether the defendants acted "arbitrarily and capriciously in discharging the plaintiff Jones in viola-

tion of the Fourteenth Amendment and Title 42 U.S.C. § 1983." The numerous cases cited by counsel for the defendants in his brief deal in the main with governmental and judicial immunity of public officers. However, most of these cases and the position taken by the defendants do not reflect the present posture of the law in regard to immunity of local governmental officers such as school board superintendents and board members.

The case of Bennett v. Gravelle, 323 F.Supp. 203 (D.C.Md., 1971) is authority for the plaintiff. The Court pointed out in that case that:

"The language of section 1983 is cast in terms so broad as to indicate that governmental immunity can never be a defense in suits brought under that section. As Judge Magruder observed in his concurring opinion in Cobb v. City of Malden, supra, 202 F. 2d 701 at 705–706, the literal language of the statute

* * * seems to say that every person in official position, whether executive, legislative, or judicial, who under color of state law subjects or causes to be subjected any person to the deprivation of any rights secured by the Constitution of the United States, shall be liable in damages to the person injured. The enactment in terms contains no recognition of possible defenses, by way of privilege, even where the defendants may have acted in good faith, in compliance with what they believe to be their official duty.

"Despite the broad sweep of the statutory language, it has not been authoritatively determined that it was the intention of Congress in enacting section 1983 'to abolish wholesale all common law immunities.' Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Quite the contrary. Pierson seems to have laid to rest any doubt that the defense of common law immunities will not be applicable to actions arising under

section 1983. The Supreme Court had held previously in Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), that section 1983 did not abrogate the immunity of legislators for acts done within their legislative role. Pierson specifically held that judges are entitled to immunity from suit for acts done in discharge of their judicial functions. While the Supreme Court has granted the defense of absolute immunity to legislators and judges for acts done in discharging their official duties, lower federal courts have extended this immunity to a wide variety of judicial and quasi-judicial officers, including clerks of court, justices of the peace, prosecuting attorneys, and sometimes even governors, jailers, and parole board members. See, e. g., Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Sullivan v. Kelleher, 405 F.2d 486 (1st Cir. 1968); Fanale v. Sheehy, 385 F. 2d 866 (2d Cir. 1967); Rhodes v. Meyer, 334 F.2d 709 (8th Cir.) cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Kenney v. Fox, 232 F.2d 288 (6th Cir.), cert. denied, Kenney v. Killian, 352 U.S. 855, 77 S. Ct. 84, 1 L.Ed.2d 66 (1956); Delaney v. Shobe, 235 F.Supp. 652 (D.Or. 1964).

"The Supreme Court has not definitively spoken on the applicability of the doctrine of governmental immunity in actions brought under section 1983 against local governmental agency officials, such as the defendants in this case. Nevertheless, while such officials may not be entitled to the absolute immunity which has been accorded to all legislators and judges, they are still entitled to a limited or a qualified immunity. This interpretation is in accordance with the general intent and tenor of the Act. As was stated in Jobson v. Henne, 355 F.2d 129, 133 (2d Cir. 1966), 'to hold all state officers immune from suit would very largely frustrate the salutary purpose of this provision.' But to take away all immunity would seem to

give the section a meaning that Congress did not intend . . . "

Therefore, the defendants' immunity was only a qualified immunity dependent on good faith action. See McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Jervey v. Martin, 336 F. Supp. 1350 (1972); Endicott v. Van Petten, 330 F.Supp. 878 (1971).

The case of Board of Regents of State Colleges et al. v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, U.S. Supreme Court, decided June 29, 1972, involved a school teacher claiming violation of his Fourteenth Amendment rights in failing to renew his employment by the University. The case was filed under 42 U.S.C. § 1983. Although the teacher was unsuccessful, the Court used this significant language in its opinion:

"There might be cases in which a State refused to re-employ a person under such circumstances that interests in liberty would be implicated. But this is not such a case.

"The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515; Wieman v. Updegraff, 344 U.S. 183, 191, 73 S.Ct. 215, 97 L.Ed. 216; Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817; United States v. Lovett, 328 U.S. 303, 316–317, 66 S.Ct. 1073, 90 L.Ed. 1252; Peters v. Hobby, 349 U.S. 331, 352, 75 S.Ct. 790, 99 L.Ed. 1129 (concurring opinion). See Cafeteria Workers v. McElroy, 367 U.S. 886, 898, 81 S.Ct. 1743, 6 L.Ed.2d 1230. In such a case, due process would accord an opportunity to refute the charge before University officials. In the present case, however, there is no suggestion whatever that the respondent's interest in his 'good name, reputation, honor or integrity' is at stake.

"Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. The State, for example, did not involve any regulations to bar the respondent from all other public employment in State universities. Had it done so, this, again, would be a different case. For '[t]o be deprived not only of present government employment but of future opportunity for it is no small injury . . .' Joint Anti-Fascist Refugee Committee v. McGrath, supra, 341 U.S. at 185, 71 S.Ct. 624, 95 L.Ed. 817 (Jackson, J., concurring). See Truax v. Raich, 239 U.S. 33, 41, 36 S.Ct. 7, 60 L.Ed. 131. The Court has held, for example, that a State, in regulating eligibility for a type of professional employment, cannot foreclose a range of opportunities 'in a manner . . . that contravene[s] due process,' Schware v. Board of Bar Examiners, 353 U.S. 232, 238, 77 S.Ct. 752, 1 L.Ed.2d 796, and, specifically, in a manner that denies the right to a full prior hearing. Willner v. Committee on Character, 373 U.S. 96, 103, 83 S.Ct. 1175, 10 L.Ed.2d 224. See Cafeteria Workers v. McElroy, supra, 367 U.S. at 898, 81 S.Ct. 1750. In the present case, however, this principle does not come into play."

In our case, the charge against plaintiff involved his reputation and the defendants' finding of guilt makes it difficult, if not impossible, for him to find another teaching position.

The case of Perry et al. v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.

Ed.2d 570, U.S. Supreme Court, decided June 29, 1972, involved a teacher who did not have contractual tenure with the school. The Court held that that fact alone did not defeat plaintiff's claim that the nonrenewal of his contract violated the First and Fourteenth Amendments.

For the reasons indicated and upon the cases cited, the Court concludes that defendants individually were not immune from suit and their motion for summary judgment must be denied, except as to the defendant Jefferson County Board of Education, which must be sustained.

This brings us to the first ground of the motion for a new trial in which it is asserted that the verdict of the jury is contrary to the weight and sufficiency of the evidence. This Court does not sit as a thirteenth juror as does the state judge in state proceedings. See Werthan Bag Corp. v. Agnew, 202 F.2d 119 (6th Cir., 1953). In the opinion of the Court the evidence created facts for the determination of the jury and there is substantial evidence to support the verdict of the jury. Ground No. 1 is accordingly denied.

Ground No. 2 complains of the Court's action in permitting the testimony of a rebuttal witness. As the Court recalls, this testimony was received solely for impeachment purposes and in the opinion of the Court it did not commit prejudicial error in its receipt.

Finally, it is asserted that the Court erred as a matter of law in permitting plaintiff to allege denial of substantive and procedural due process based upon failure of notification when, according to the record and undisputed testimony, plaintiff, by his actions, actually and constructively waived any defect which might have existed in notification procedures on the part of the defendant. The difficulty in this position from the defendants' standpoint is that the proof indicated that plaintiff was suspended from his duties for a certain period of time, or possibly the entire school year, without notice. This was not in compliance with procedural requirements of the due process clause.

Accordingly, the motion for a new trial, and each ground thereof, is denied.