Walter E. NOLAN, Plaintiff,

v.

Robert E. CAMPBELL, etc., et al.,
Defendants.

No. 73C 714(4).

United States District Court,
E. D. Missouri, E. D.

Jan. 15, 1974.

Walter E. Nolan, pro se.

John C. Danforth, Atty. Gen. of Mo.,
D. Brook Bartlett and Stephen D. Hoyne,
Asst. Attys. Gen., Jefferson City, Mo.,
for defendants.

MEMORANDUM AND ORDER

NANGLE, District Judge.

Plaintiff Walter E. Nolan commenced
this action *pro se in forma pauperis*
against a judge of the Circuit Court of
St. Louis County, Missouri, eight judges
of the Missouri Court of Appeals, and
seven judges of the Missouri Supreme
Court. The action is now before this
Court upon the joint motion of all de-
fendants to dismiss for failure to state a
cause of action upon which relief can be
granted. The Court will consider said

motion as one to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

In deciding this motion the Court will take as true the material allegations of the complaint and will construe them in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1968).

Plaintiff alleges that on April 4, 1972, he was convicted of an unspecified crime in the Circuit Court and sentenced by the Honorable Robert E. Campbell, a defendant herein, to fifteen (15) years' imprisonment. After pronouncing sentence, on the same day, Judge Campbell raised the amount of required bail from $80,000.00 to $100,000.00. Also on April 4 Judge Campbell permitted plaintiff to appeal his conviction *in forma pauperis*. On April 15, 1972, plaintiff filed a petition with Judge Campbell requesting reduction of the required bail. Judge Campbell has never ruled on this petition. In July, 1972, plaintiff filed a petition for a writ of habeas corpus in the St. Louis District of the Missouri Court of Appeals. This petition was denied in August, 1972. Also in August, 1972, plaintiff filed a petition for a writ of habeas corpus in the Missouri Supreme Court. This petition was denied. All of these efforts were made to secure reduction of the amount of bail required pending appeal.

Plaintiff further alleges that on August 28, 1973, the Missouri Court of Appeals reversed his conviction and sentence without modifying its previous order respecting plaintiff's bail reduction.

Plaintiff alleges damages suffered by his being denied bail pending appeal and caused by those state court judges who considered but refused his petitions seeking reduction of bail.

Plaintiff's claims fall into three categories. First, he claims substantial actual and punitive damages under federal civil rights legislation, citing 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and 28 U.S.C. § 1343(1)–(4). Second, he seeks a declaratory judgment that he was entitled to the relief sought by his state court petitions, citing 28 U.S.C. §§ 2201 and 2202. Third, he claims damages under sections 532.010, 532.610, 532.690, 532.700, 532.710 and 547.170, Revised Statutes of Missouri 1969, V.A. M.S.

█ These claims are asserted against these defendants for their failure to grant plaintiff the relief he sought in his petitions before their respective courts. It unequivocally appears from the plaintiff's complaint that the subject actions of the defendants were performed within the scope of their judicial authority. These defendants are protected by the doctrine of judicial immunity in this action for damages under the federal civil rights legislation. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); Schwartz v. Weinstein, 459 F.2d 882 (8th Cir. 1972); Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973), aff'ing 354 F.Supp. 179 (E.D.Mo.1973); Drusky v. Judges of the Supreme Court, 324 F.Supp. 332 (W.D.Pa.1971). For this reason plaintiff's claim for damages under the federal civil rights legislation will be dismissed.

█ The Court is of the opinion that, since plaintiff's criminal conviction has been reversed by the Missouri Court of Appeals, there is thereby no extant "actual controversy" as to whether the judicial denials of plaintiff's petitions were proper. 28 U.S.C. § 2201. For this reason plaintiff's claim for a declaratory judgment will be dismissed.

█ The basis for plaintiff's claim arising under Missouri law is found in section 532.610, RSMo 1969, V.A.M.S., which states as follows:

*Court improperly refusing writ, penalty.* If any court or magistrate, authorized by the provisions of this chapter to grant writs of habeas corpus, shall refuse to issue any such writ, when legally applied for, in a case where such writ may lawfully issue, or shall un-

reasonably delay the issuing such writ, every member of such court who shall have assented to such refusal or delay, and every such magistrate, shall forfeit to the party aggrieved a sum not exceeding one thousand dollars.

Since there is no diversity of citizenship pleaded as a jurisdictional prerequisite to this claim, the Court's subject matter jurisdiction must be found as pendent to its jurisdiction of the federal civil rights claim. Whether or not there is *power* in this Court to hear and decide plaintiff's claim under Missouri law, the Court is of the opinion that the considerations of judicial economy, convenience and fairness to the litigants militate against the litigation of this claim in this Court. *See,* United Mine Workers of America v. Gibbs, 383 U.S. 715, 725–726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Court in *Gibbs* stated that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well (footnotes omitted). *Id.*

The Court will dismiss plaintiff's state law claim without prejudice to its being filed in the Missouri state courts.

In consequence,

It is hereby ordered that plaintiff's claims for damages and for a declaratory judgment pursuant to the federal civil rights statutes be and are dismissed for failure to state a claim upon which relief can be granted; and

It is further ordered that plaintiff's claim for damages pursuant to 532.610, RSMo 1969, V.A.M.S., be and is dismissed without prejudice.