Robert A. **LUONGO**, Jr., Plaintiff,

v.

Henry G. **WENZEL**, III, et al., Defendants.

Robert A. **LUONGO**, Jr., Plaintiff,

v.

Henry G. **WENZEL**, III, et al., Defendants.

Robert A. **LUONGO**, Jr., Plaintiff,

v.

Henry G. **WENZEL**, III, et al., Defendants.

Robert A. **LUONGO**, Jr., Plaintiff,

v.

James **CLEARY** et al., Defendants.

Robert A. **LUONGO**, Jr., Plaintiff,

v.

William **CAHN** et al., Defendants.

Nos. 75 C 1187 to 75 C 1189, 75 C 1272 and 75 C 1386.

United States District Court, E. D. New York.

Nov. 26, 1975.

Robert A. Luongo, Jr., pro se.

Howard E. Pachman, Suffolk County Atty., Hauppauge, N. Y., for defendants Wenzel, O'Brien, Fierro, Cleary and Vaughn.

Meyer & Wexler, Smithtown, N. Y., for defendant Wenzel, by Richard T. Haefeli, Smithtown, N. Y.

John F. O'Shaughnessy, County Atty., Nassau County, Mineola, N. Y., for defendant Cahn, by James N. Gallagher, Mineola, N. Y.

Sutter, Moffatt, Yannelli & Zevin, P. C., Mineola, N. Y., for defendant Merlo, by F. Dana Winslow, P. C., Mineola, N. Y.

William McGee, pro se.

Jack Strauss, New York City, for defendant Sutter.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants Underwood and McInerney, by Barbara Shore Resnicoff, New York City.

David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendants Kissinger and Saxbe, by Edward S. Rudofsky, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, Robert A. Luongo, Jr., a pre-trial detainee in Suffolk County Jail, has instituted five related civil actions alleging violations of his constitutional rights arising out of the conduct of State criminal proceedings currently pending against him in Suffolk and Nassau Counties. Four of these suits[1] are brought under 42 U.S.C. §§ 1983, 1985 seeking injunctive and declaratory relief and monetary damages. The fifth[2] seeks the same relief plus a writ of habeas corpus. The cases contain similar issues of fact and of law, and therefore have been consolidated. They are presently before the court on defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. F.R.Civ.P. 12(b)(1) and (6). For the reasons stated herein, defendants' motions must be granted and the complaints dismissed.

### The State Proceedings

On July 30, 1974 plaintiff was indicted by a Suffolk County Grand Jury on 25 counts of grand larceny, and about the same time by a Nassau County grand jury on 70 additional counts, all related to his alleged operation of a "Ponzi" scheme. At time of indictments plaintiff was in Sweden, but was extradicted at the application of the Suffolk County District Attorney's Office. He was arraigned on October 23, 1974 before judges in Suffolk and Nassau Counties, and at the request of the Suffolk County District Attorney was remanded without bail. His subsequent applications for bail were denied in both State and federal habeas corpus petitions.[3] Plaintiff has remained in Suffolk County Jail pending the State prosecutions.

Since arraignment Luongo has changed counsel at least twice. He was represented by an attorney when these civil rights actions were filed in August 1975. Although his attorney filed papers in opposition to defendants' motions to dismiss, counsel did not appear at oral argument, and after the hearing the court was informed that he was withdrawing as plaintiff's attorney. Plaintiff has continued the actions *pro se*. The court notes, however, that plaintiff has had the assistance of counsel of his own choice in constructing the allegations of the complaints and in opposing the motions to dismiss.

### Federal Claims

Plaintiff alleges "bad faith, malfeasance, and coercion" at every stage of the State criminal proceedings. At the core of plaintiff's many and repeated allegations is the claim that defendants acted individually and in conspiracy with one another to present perjured testimony before the Suffolk and Nassau County grand juries which resulted in his indictments. He alleges that

---

1. 75 C 1187, 1188, 1189, 1386.

2. 75 C 1272.

3. The prior federal petition was grounded on the denial of bail, and was dismissed in a memorandum order of April 16, 1975 (75 C 404). The present petition renews that claim.

county prosecutors coerced certain witnesses into giving false testimony in order to incriminate plaintiff for crimes in fact committed by them. He further maintains that as a result of these conspiracies he was falsely indicted, extradited from Sweden and, in order to cover up the conspiracies, held without bail.

Named as defendants are, among others, county, State and federal officials: (1) former and present county prosecutors, Wenzel, O'Brien and Cahn; (2) Suffolk County Chief of Detectives, Fierro; (3) individuals who allegedly perjured themselves before the grand jury and conspired with the prosecutors, Merlo, Binanno and McGee; (4) an attorney, allegedly former counsel for plaintiff, Sutter; (5) two State Supreme Court Justices, Underwood and McInerney; (6) Clerk of Court of Suffolk County, Vaughn; (7) Warden of Suffolk County Jail, Cleary; and (8) federal officials who participated in his extradition, Secretary of State Kissinger and former Attorney General Saxbe.

### Relief Requested

Plaintiff seeks damages, a declaratory judgment that defendants' actions are unconstitutional, and numerous injunctions,[4] including the demand for the "issuance of an injunction enjoining all of the defendants . . . from continued prosecution pursuant to [the State] indictment until the issue of coerced purjured [sic] testimony by the defendants can be settled by a hearing and/or trial."[5] Plaintiff also seeks immediate release on bond not to exceed $10,000.[6]

Plaintiff has thus named a plethora of defendants, seemingly almost everyone who has come in contact with the State indictments and pretrial proceedings. He has flooded this court with a barrage of allegations sufficiently confusing in sorting the substantial issues from the frivolous. Mindful of plaintiff's present *pro se* status, the court has endeavored to read the complaints with an eye toward protecting plaintiff's claims. Without intimating any opinion on the actual intent of the plaintiff in bringing these actions, the apparent consequence of the federal suits is to prevent the State prosecutions from going forward. Thus a timely disposition of the instant matters is mandated.

### Motions to Dismiss

Defendants have strongly urged the court to dismiss the complaints on the ground that federal intervention in the State criminal proceedings is unwarranted.[7] In light of the binding principles enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny,[8] it is the belief of this court that to exercise jurisdiction in these cases would be improvident.

■■■ *Younger* applies a basic doctrine of equity jurisprudence, that courts of equity should not act to restrain a criminal prosecution, if there is an adequate remedy at law and no great and immediate irreparable injury. See *id.* at 43–44, 91 S.Ct. 746. Indeed, the State courts in question have neither passed, nor been asked to pass, upon the

---

4. Plaintiff seeks to enjoin defendants from taking any reprisals against him, from asserting immunities from suit, from practicing law until his matter is settled and ordering they be disbarred, and from interfering with plaintiff's obtaining evidence to prove his case.

5. Complaints 75 C 1187, 1188, 1189, ¶ 11; Complaint 75 C 1386, ¶ 34.

6. Complaint 75 C 1272, ¶ 21.

7. Defendants also raise judicial, prosecutorial and executive immunities from suit on the

damage issue. See *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966); *Fanale v. Sheehy*, 385 F.2d 866 (2 Cir. 1967).

8. See, *e.g., Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

constitutional claims herein, and plaintiff yet retains the opportunity to raise his claims in his defense in the State courts. Nevertheless plaintiff would require this court to try the very issues, factual and legal, which will be presented in the State criminal trials. The federal court may not presume the State courts will be derelict in overseeing plaintiff's rights. Instead this court must bear in mind that "State courts are quite as capable as federal courts of determining the facts, and they alone can define and interpret state law. Equally important, under Art. VI of the Constitution, state courts share with federal courts an equivalent responsibility for the enforcement of federal rights, a responsibility one must expect they will fulfill." *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 1312, 43 L. Ed.2d 591 (1975).

 The tenets of *Younger,* so clearly relevant to the present actions to enjoin criminal proceedings instituted by the State prior to the federal actions,[9] espouse "the fundamental policy against federal interference with state criminal prosecutions," 401 U.S. at 46, 91 S.Ct. at 751, and preclude this court from intervening in the State prosecutions absent exceptional circumstances. Plaintiff can meet *Younger's* standards only

> "where there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution, *id.,* at 54 [91 S.Ct. 746, 755] where the state law to be applied in the criminal proceeding is 'flagrantly and patently violative of express constitutional prohibitions,' *id.,* at 53 [91 S. Ct. 746, 755] or where there exist other extraordinary circumstances in which the necessary irreparable injury

can be shown even in the absence of the usual prerequisites of bad faith and harassment. *Ibid.*" *Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975).

 In considering the motions to dismiss, plaintiff's allegations as stated in the complaint must be accepted as true.[10] Undeniably the right to fair process of indictment and trial inhere in criminal proceedings brought against an individual by the State. Turning to the problem of whether plaintiff has met *Younger's* standards, the court is cognizant of the charges made against the prosecutorial conduct of the State defendants. However, the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the special legal sense of that term." *Kugler v. Helfant, supra,* 421 U.S. 117, 95 S.Ct. at 1530. Nor has plaintiff drawn in question the constitutionality of any State statute much less alleged the flagrant or patent unconstitutionality of one. See *Younger v. Harris, supra,* 401 U.S. at 53, 91 S.Ct. 746; see generally *Kugler v. Helfant, supra.*

██ Further, plaintiff has not alleged bad faith-harassment in the enforcement of any State statute. In this context bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction. See *Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *Kugler v. Helfant, supra,* 421 U.S. 117, 95 S.Ct. at 1531 n. 6. Plaintiff's situation is not that in which State officials have invoked a statute in bad faith and to impose harassment in retaliation for the exercise of constitutional rights. Compare *Dombrowski v. Pfister,* 380 U.S. 479, 490, 85 S.Ct. 1116,

---

9. Plaintiff denies seeking an injunction at this time in a seeming attempt to avoid *Younger.* His demand for declaratory judgment and avowed willingness to enforce it can only be considered the substantial equivalent of the demand for an injunction. See *Kugler v. Helfant, supra* n. 8, 421 U.S. 117,

95 S.Ct. at 1534, *Samuels v. Mackell, supra* n. 8, 401 U.S. at 73, 91 S.Ct. 764. The damage claim is appurtenant to that for equitable relief, and falls with those claims.

10. See *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

14 L.Ed.2d 22 (1965). Rather it is akin to the facts of *Kugler v. Helfant, supra,* in which the federal plaintiff alleged that members of the New Jersey Supreme Court coerced his grand jury testimony and exercised so formidable supervisory powers over the entire State court system as to deprive him of obtaining a fair trial. *Id.* 421 U.S. 117, 95 S.Ct. at 1531. On these facts in *Kugler,* the Supreme Court refused to find the existence of bad faith or other extraordinary circumstances. Similarly, nothing in plaintiff's complaint supports a finding that circumstances of his case have created "an extraordinarily pressing need for immediate federal equitable relief, not merely . . . a highly unusual factual situation." *Kugler v. Helfant, supra,* 421 U.S. at 125, 95 S.Ct. at 1531. Plaintiff has not alleged incompetency of the State court to hear his case. He may present his defense in an impartial State judicial process of trial and appeal, with safeguards for the preservation of his claims. See *id.* 421 U.S. 117, 95 S.Ct. at 1530–32. In sum, plaintiff has demonstrated no compelling reason for disturbing the State criminal prosecutions through extraordinary means of federal relief, and thus his claims for relief must fail.

*Habeas Corpus*

■ One further matter for disposition is plaintiff's renewed habeas corpus claims. He has remained in custody for approximately one year without bail. His prior petition was dismissed on the ground that petitioner had not shown that bail was denied because of arbitrariness, discrimination or illegality. Memorandum Order of April 16, 1975, p. 4 (E.D.N.Y., 75 C 404). With respect to the duration of custody, the District Attorney's Office for Suffolk County avers that his criminal case has appeared on the County Calendar 16 times in the past year, each adjournment having been requested by plaintiff through his attorneys. See Affidavit of Michael Ahearn, 75 C 1187, 1188, 1189, 1386, ¶ 6. Plaintiff has not controverted this statement and

has himself interposed these actions in August 1975, thereby contributing further to the delay. See *United States ex rel. Shakur v. McGrath,* 418 F.2d 243 (2 Cir. 1969), *cert. denied,* 397 U.S. 999, 90 S.Ct. 1144, 25 L.Ed.2d 408 (1970). Plaintiff's petition must therefore be denied.

Accordingly, defendants' motions are granted and the complaints dismissed.

So ordered.

The Clerk of Court is directed to dismiss the complaints and to enter judgment in favor of the defendants.