**William E. CONRAD, Plaintiff,**

**v.**

**H. Kenneth WANGELIN, Charles J. Vogel, Myron H. Bright, J. Smith Henley, Defendants.**

**No. 77–1300C(B).**

United States District Court, E. D. Missouri, E. D.

Dec. 14, 1977.

William E. Conrad, Florissant, Mo., pro se.

### MEMORANDUM

REGAN, District Judge.

The Court has sua sponte examined the pro se complaint filed herein to ascertain whether plaintiff has stated or can state a claim.

It appears from the complaint that in a prior action in this Court plaintiff sought a declaratory judgment that a state court magistrate court judgment against him was void for want of proper service conferring personal jurisdiction over him together with an injunction restraining enforcement of that judgment and damages. Judge Wangelin, acting sua sponte, dismissed the complaint "for failure to state a cause of action." Deeming himself aggrieved by the dismissal, plaintiff perfected an appeal to the Court of Appeals for the Eighth Circuit. That Court, in a per curiam opinion concurred in by Judges Vogel, Bright and Henley, affirmed the dismissal on its own motion pursuant to Eighth Circuit Local Rule 9(a). The decisions are now final. On a number of obviously spurious grounds, the present action seeks $500,000 damages against each of the four judges who participated in the decisions adverse to plaintiff.

Wholly aside from the fact that the lengthy, rambling and prolix complaint wholly fails to comply with Rule 8(a) and (e) of the Rules of Civil Procedure (*Cf. Woody v. Sterling Aluminum Products, Incorporated,* 8 Cir. 1966, 365 F.2d 448, 454) even after making due allowances for plaintiff's lay status, it is clear that the complaint is legally frivolous and neither states nor can be amended to state a claim against the defendant judges who were acting at all times in their judicial capacities. Whether

Judge Wangelin was right or wrong in his ruling, he was acting within his judicial authority in making his decision. So, too, whether or not the appellate panel misconstrued or misapplied the law in affirming the district court, the judges who comprised the panel had jurisdiction to so rule. The doctrine of judicial immunity affords complete protection to all defendants in this action from liability to plaintiff. *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). And see *Schwartz v. Weinstein,* D.C.Mo., 333 F.Supp. 1031 (affirmed, 8 Cir. 1972, 459 F.2d 882). Accordingly, this action will be dismissed.

We have not overlooked the so-called "affidavit" (unverified) filed by plaintiff seeking the disqualification on the ground of bias and prejudice of Judges Meredith, Nangle and "John J. Reagan." We assume that the last named is a misspelling of the name of this judge. Not a single fact is stated in support of the bald conclusion of bias and prejudice, and to our knowledge no such facts exist.