J. Dell PEACOCK

v.

John B. RIGGSBEE, Rocker T. Staton, Jr., Eloise Cooper, Edwin Davies Harrison, Robert Y. Lambert, the Georgia Board of Regents, the Georgia Institute of Technology and the State of Georgia.

Civ. A. No. 12279.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 6, 1970.

J. Dell Peacock, pro se.

Arthur K. Bolton, Atty. Gen., J. Robert Coleman, Alex Crumbley, Asst. Attys. Gen., Atlanta, Ga., for defendants.

SIDNEY O. SMITH, Jr., District Judge.

This is a civil action for damages brought by the plaintiff *pro se*. Named as defendants are five individuals, the Georgia Institute of Technology, the Georgia Board of Regents and the State of Georgia. Although it is not clear, jurisdiction is apparently invoked pursuant to 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1343, or both.

At the same time, it is not manifest under what legal theories plaintiff wishes to travel. The gravamen of his complaint appears to be that he was wrongfully dismissed from, or has been wrongfully refused re-admission to, the Georgia Institute of Technology, by all or some of the individual defendants, acting as, for or in behalf of the Institute, the Board of Regents and the State of Georgia.

Specifically, plaintiff alleges that the individual defendants: (1) conspired to deprive plaintiff of his civil rights or legal rights by wrongfully dismissing him from or refusing him re-admission to the Georgia Institute of Technology; (2) engaged in fraud and deceit to wrongfully dismiss him from, or refuse him readmission to, the Georgia Institute of Technology.

Defendants have moved to dismiss the complaint (a) for lack of jurisdiction over the defendants, (b) for lack of jurisdiction over the subject matter, or (c) for failure to state a claim upon which relief can be granted.

It is well settled that the Eleventh Amendment to the United States Constitution makes states immune from actions brought in federal courts by their own citizens or citizens of other states. Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730 (8th Cir. 1968), *cert. den.* 393 U.S. 962, 89 S.Ct. 401, 21 L.Ed.2d 375 (1968); Scott v. Board of Supervisors of Louisiana State Univ., 336 F.2d 557 (5th Cir. 1964); Parden v. Terminal Ry. of the Alabama State Docks Dept., 311 F.2d 727 (5th Cir. 1963), *rev'd on other grounds*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). Although there are several exceptions to this doctrine, none is applicable here. A suit to redress unconstitutional action by state officials will lie in federal courts. Griffin v. County School Board of Prince Edward Cty., 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However in view of the Court's finding below that plaintiff's constitutional claim is totally devoid of merit, plaintiff cannot rely on this exception. Neither does it appear that the Court may infer that the State of Georgia has in any way waived its Eleventh Amendment immunity. *Cf.* Scott v. Board of Supervisors of Louisiana St. Univ., 336 F.2d 557 (5th Cir. 1964). Accordingly, defendants' motion to dismiss the complaint for lack of jurisdiction over the defendants is granted as to the Georgia Institute of Technology, the Georgia Board of Regents and the State of Georgia.

Jurisdiction over the remaining defendants cannot be predicated upon 28 U.S.C.A. § 1331(a). Plaintiff does allege that he has been wrongfully deprived of his constitutional right to obtain a public education at the institution of his choice, *i. e.* his right to the pursuit of happiness. However, the Constitution of the United States has thus far not been construed to secure any general right to public education. *See* Flemming v. Adams, 377 F.2d 975 (10th Cir. 1967), *cert. den.* 389 U.S. 898, 88 S.Ct. 219, 19 L.Ed.2d 216 (1967). Although there is a Constitutional right to an *equal opportunity* to partake of the public education offered by a state, Brown v. Board of Ed. of Topeka, 347 U.S. 483, 493, 74

S.Ct. 686, 98 L.Ed. 873 (1954), plaintiff has not alleged discrimination for which he would be entitled to relief under the principles of *Brown* and its progeny.

Plaintiff has also alleged deprivation of his legal right to public education. The Court has neither found nor been referred to any federal laws conferring a general right to public education, outside the civil rights act, 42 U.S.C.A. § 1981 et seq., considered below.

■ Finally, plaintiff has pleaded generally that this case arises under the Constitution, laws or treaties of the United States. Such a general allegation alone is an insufficient foundation for jurisdiction. Stanturf v. Spies, 335 F.2d 224 (8th Cir. 1964), *cert. den.* 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965). Since the complaint is otherwise both silent and unrevealing as to my federal question, jurisdiction cannot be based on 28 U.S.C.A. § 1331. While courts must be careful to distinguish between dismissal for lack of jurisdiction and dismissal for failure to state a claim, see Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), "[W]here neither the constitutional provision nor any act of Congress affords a remedy to any person, the mere assertion by a plaintiff that he is entitled to such a remedy cannot be said to satisfy federal jurisdictional requirements." Screven County v. Brier Creek Hunting & Fishing Club, 202 F.2d 369 (5th Cir. 1953), *cert. den.* 345 U.S. 994, 73 S.Ct. 1136, 97 L.Ed. 1402 (1953).

■ Jurisdiction over the individual defendants may, however, be predicated upon 28 U.S.C.A. § 1343, conferring upon the United States District Courts jurisdiction over civil actions brought pursuant to the civil rights laws, 42 U.S.C.A. § 1981 et seq. Accordingly, defendants' motion to dismiss for lack of jurisdiction over the individual defendants must be denied. However, since it does not appear that plaintiff and defendant are of diverse citizenship, 28 U.S.C.A. § 1343 is the *only* basis for jurisdiction.

Even construing the complaint to allege action by the individual defendants under color of state law, it fails to state a claim upon which relief can be granted pursuant to 42 U.S.C.A. § 1981, § 1983, or § 1985(3), the only civil rights acts under which plaintiff apparently could proceed. There is no allegation of racial or other wrongful discrimination. 42 U.S.C.A. § 1981 confers no general federal right to public education, ruling out action pursuant to violation of 42 U.S. C.A. § 1981. Since plaintiff has not been deprived of any federal right, he cannot maintain this action pursuant to 42 U.S. C.A. § 1985(3). Congress of Racial Equality v. Clemmons, 323 F.2d 54 (5th Cir. 1963), *cert. den.* 375 U.S. 992, 84 S.Ct. 632, 11 L.Ed.2d 478 (1964). The same conclusion follows from the provisions of 42 U.S.C.A. § 1983 for redress of deprivation of any "rights, privileges, or immunities secured by the Constitution and laws." *See* City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965); Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963), *cert. den.* 376 U.S. 959, 84 S.Ct. 972, 11 L.Ed.2d 978 (1964).

It follows that the motion of the individual defendants to dismiss for failure to state a claim upon which relief can be granted, must, be and hereby is granted.

Accordingly, the petition is ordered dismissed as to all defendants.

It is so ordered.