**Donald S. DRUSKY, Plaintiff,**

v.

**The JUDGES OF the SUPREME COURT, Eleven U. S. Circuit Courts of Appeals and Eighty-Nine U. S. District Courts Embracing the Fifty States of the United States of America, and District of Columbia, and the United States Steel Corporation, and I. W. Abel, Joseph Molony and Walter Burke of the United Steelworkers of America, and the National Labor Relations Board, Defendants.**

Civ. A. No. 71 249.

United States District Court,
W. D. Pennsylvania.

March 16, 1971.

Donald S. Drusky, pro se.
No appearance for defendants.

## OPINION

GOURLEY, District Judge.

Plaintiff has submitted to the Court in forma pauperis a Complaint charging defendants with conspiracy to deprive him of rights under the Constitution and laws of the United States. Invoked are the Civil Rights Statutes, 42 U.S.C. A. §§ 1981, 1983, 1985(2) and 1985(3). It is alleged that plaintiff was fired by defendant United States Steel Corporation for picketing in protest of the failure of the United Steelworkers of America to pay a sum of twenty-five hundred dollars to plaintiff, that the defendant National Labor Relations Board has erroneously refused to docket plaintiff's charge arising out of these circumstances, and that the various Judges of the Federal Courts have erroneously denied plaintiff's subsequent petitions concerning the same factual allegations. The basic factual allegations are not unknown to this Court, for plaintiff has previously and unsuccessfully sought re-lief at Civil Actions 68–124 and 70–160, based upon substantially similar allegations. The instant Complaint designates, in essence, the same defendants previously sued with the exception that plaintiff has now added as defendants virtually the entire Federal Judiciary.

For a multitude of reasons, the Complaint falls far short of what is necessary to state a cause of action under the Civil Rights Acts. To sustain a cause of action under the Civil Rights Acts, it must be alleged that the asserted wrongs were committed under color of State law. Collins v. Hardyman, 341 U.S. 651, 658, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Huey v. Barloga, 277 F. Supp. 864, 869 (N.D.Ill.1967). Nowhere in the instant Complaint are there to be found factual allegations indicating that any of the named defendants were acting under color of State law.

The allegation of conspiracy also is insufficient to sustain a cause of action under 42 U.S.C.A. § 1985. It is not enough to use the bare word "conspiracy" without setting forth supporting facts which tend to show an unlawful agreement. O'Hara v. Mattix, 255 F.Supp. 540, 542 (W.D.Mich. 1966). No supporting facts have been set forth in the instant Complaint to support the bare allegation of conspiracy among the named defendants. On its face, the conspiracy alleged is incredulous.

While the foregoing deficiencies in the Complaint are believed to be sufficient to warrant dismissal of the Complaint as to all defendants, additional deficiencies with respect to the causes of action asserted against the particular defendants provide further grounds for dismissal as to these defendants.

Although the common law doctrine of official immunity may not enjoy recognition to its fullest extent in a suit under the Civil Rights Statutes, it is recognized that the immunity enjoyed by members of the judiciary has not been abrogated by these Statutes. Bauers v. Heisel, 361 F.2d 581, 586–587 (3d Cir. 1966); Lockhart v. Hoenstine, 411 F.2d

455, 459–460 (3d Cir. 1969). Under the doctrine, a member of the judiciary is afforded immunity from liability under the Civil Rights Statutes for all acts which are not clearly outside his jurisdiction. Bauers v. Heisel, *supra*, 361 F. 2d p. 590. The instant Complaint fails to allege actions of defendant-members of the judiciary which were clearly outside their jurisdiction. In fact, the allegations of the Complaint suggest to the contrary. Accordingly, the doctrine of judicial immunity would bar relief against defendant-members of the judiciary.

 Dismissal of the cause of action against the National Labor Relations Board is warranted apart from the failure of the Complaint to allege a sufficient conspiracy or action under color of State law. It is doubtful that the National Labor Relations Board could be regarded as a "person" within the meaning of the Civil Rights Statutes. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and Olson v. California Adult Authority, 423 F.2d 1326 (9th Cir. 1970). Moreover, the civil remedies provided by the Civil Rights Statutes are not means of obtaining redress from alleged errors of the National Labor Relations Board. See Schatte v. International Alliance, etc., 182 F.2d 158 (9th Cir. 1950) and Drusky v. National Labor Relations Board, et al., Civil Action 68–124 (W.D.Pa.1968).

Finally, insofar as the Complaint may attempt to assert federal cognizable claims against defendant United States Steel Corporation and defendant-Officers of the United Steel Workers of America, under provisions other than the Civil Rights Statutes and arising out of such facts as are alleged, plaintiff is barred from asserting either the causes of action or the facts requisite to establish them upon principles of res adjudicata and collateral estoppel. The summary judgments rendered against plaintiff and in favor of those defendants, or those in privity with them, in Drusky v. National Labor Relations Board, et al., *supra*, is conclusive here.

Recognizing that a dismissal of a Civil Rights Complaint by the Court, sua sponte and before service of process upon the defendants generally is viewed with disfavor, I nevertheless find that the instant Complaint is so deficient as to warrant its condemnation as frivolous. 28 U.S.C.A. § 1915; Davis v. Brierley et al., 412 F.2d 783 (3d Cir. 1969).

An appropriate Order is entered.