338 F.Supp. 697 (1972)
William F. HOWARD, Plaintiff,
v.
Gene ROLUFS et al., Defendants.
No. 71 C 693 (A).
United States District Court, E. D. Missouri, E. D.
January 20, 1972.
*698 William F. Howard, pro se.
Zane White, Rolla, Mo., for defendants Gene Rolufs and Zane White.

MEMORANDUM
HARPER, District Judge.
Plaintiff was convicted in Criminal Causes Nos. 4151 and 4152 in the Circuit Court of Phelps County, Missouri, of possessing and transferring hypnotic and hallucinogenic drugs. The gist of plaintiff's complaint is that the abovenamed defendants conspired to introduce perjured testimony at his trials in violation of his constitutional rights and 42 U.S.C. §§ 1981, 1983 and 1985.
The defendant, Zane White, was and is the prosecuting attorney of Phelps County, Missouri. The defendant, Betty Pointer, was a witness against the plaintiff at the preliminary hearing in Cause No. 4151. The defendant, Gene Rolufs, is a member of the Police Department of Rolla, Missouri. Plaintiff alleges that at the preliminary hearing in Cause No. 4151, Betty Pointer testified that she was 28 years old and that certain hypnotic and hallucinogenic drugs found in her possession were the property of the plaintiff. Plaintiff denies the truth of *699 Betty Pointer's testimony and accuses Zane White with the knowledge of her falsehood. As evidence of Zane White's bad faith, plaintiff refers to the prosecutor's inquiry concerning the plaintiff's association with a forty-four year old woman (Betty Pointer).
Based on hearsay sources, plaintiff alleges that the three defendants conspired "to get a story together", presumably to be used against plaintiff, and that his court-appointed attorney at his request verified that tapes had been made concerning Betty Pointer's testimony. Defendant Rolufs also allegedly informed plaintiff that he and the other defendants "didn't care how they send (sic) plaintiff up as long as they done (sic) so." Without reference to his source of information, plaintiff claims that defendant Rolufs attempted to bribe Archie Salts to testify that the plaintiff had given Salts some drugs prior to the plaintiff's arrest. This allegation, even if proven, has absolutely no bearing on plaintiff's convictions for possession and transfer of drugs on a different date involving different people.
The alleged plan to wrongfully convict plaintiff by means of perjured testimony was never effectuated. Plaintiff waived a trial by jury and pleaded guilty to both informations.
Plaintiff now contends that his guilty plea was a result of this conspiracy and plea-bargaining by the prosecuting attorney, Zane White. Inasmuch as only by a finding that plaintiff's plea was involuntary could plaintiff be afforded relief, this action resembles a post-conviction proceeding. Other courts when faced with this situation have held that "[t]he Civil Rights Statute cannot be used by a state prisoner to circumvent the requirement of the statute providing that habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state." Smartt v. Avery, 411 F.2d 408, 409 (6th Cir. 1969). See Still v. Nichols, 412 F.2d 778 (1st Cir. 1969); Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963). See also, Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa. 1966), aff'd 368 F.2d 787 (3rd Cir.), cert. den. 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139; Baker v. McGinnis, 286 F.Supp. 280 (S.D.N.Y.1968); Smith v. Logan, 311 F.Supp. 898 (W.D.Va.1970); Duncombe v. New York, 267 F.Supp. 103, 109 (S.D.N.Y.1967).[1]
To permit this action would not foreclose another attack on the alleged constitutional violations of his trial by habeas corpus for release from custody. Since habeas corpus, rather than an award for damages sought in this case, affords the most adequate remedy, there is no justification for vastly expanding the burdens of the federal courts by permitting a duplicity of actions.
Plaintiff has recently filed an appeal in the Missouri Supreme Court from the denial of his 2726 motion to vacate and set aside his conviction in Cause No. 4152 or for a new trial in Causes Nos. 4151 and 4152. In his state proceedings (2726), petitioner raised none of the questions presented to this court, but instead, asserts he was convicted twice for the same crime. As incredulous as it may seem, it appears that since plaintiff has not herein sought injunctive relief to gain release from custody, nor relief in the state court on the basis of the alleged violation of his constitutional rights set out in this cause, he would prefer to remain in prison while seeking damages for the injuries allegedly arising from his continuing incarceration. Plaintiff no doubt has chosen not to seek injunctive relief in this action in order to avoid the characterization of this action under 28 U.S.C. § 2254 which requires exhaustion of state remedies. *700 One can only wonder as to his failure to raise such claim in his 2726 motion.
The defendants have filed a motion to dismiss or in the alternative for summary judgment. For the purposes of these motions the court will assume that this action may be maintained under the Civil Rights Act. The defendants submit, and the court agrees, that plaintiff has failed to state activity on the part of the defendants which would constitute a conspiracy to deprive him of his constitutional rights or to obstruct or hinder the due course of justice. In Powell v. Workmen's Compensation Bd. of State of New York, 327 F.2d 131, at page 137 (2nd Cir. 1964), that court held:
"A complaint in a case like this [civil rights action] must set forth facts showing some intentional and purposeful deprivation of constitutional rights. Snowden v. Hughes, 321 U. S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). * * * But plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy. (Citing cases.)."
At most, plaintiff has stated that the prosecuting attorney, Zane White, in preparing his case against plaintiff, discussed with Betty Pointer her testimony and made recordings concerning this testimony, and that Gene Rolufs was aware of this as a result of his own discussion with Betty Pointer. A statement by Zane White relating to Betty Pointer's age would not constitute knowledge of her alleged perjury concerning plaintiff's ownership of drugs at the preliminary hearing. Plaintiff has not even alleged that Gene Rolufs knew of the false nature of Betty Pointer's testimony. The alleged attempt to bribe Archie Salts to give false evidence concerning another crime has no relationship to plaintiff's right to plead not guilty to the crimes involved herein. Based on the activity of the defendants presented to this court, plaintiff cannot state a cause of action for conspiracy.
Plaintiff also contends that Zane White deprived him of his right to plead not guilty by informing plaintiff of possible multiple convictions and maximum sentences if he went to trial. Under the Civil Rights Act, a state prosecuting attorney is immune from liability unless his alleged actions are clearly outside the scope of his jurisdiction. Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970), cert. den. 400 U.S. 846, 91 S. Ct. 93, 27 L.Ed.2d 84. The informative nature of the alleged plea discussion between plaintiff and Zane White did not constitute promises or threats within the meaning of Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), which would render a guilty plea involuntary. Furthermore, "[p]roperly safeguarded plea discussions and plea agreements between an accused and a prosecutor are consistent with the fair administration of justice." Brown v. Beto, 377 F.2d 950, 956 (5th Cir. 1967). Zane White was acting within his jurisdiction when he relayed to plaintiff the possible consequences of pleading not guilty.
The court has examined the transcript of the proceedings at which plaintiff entered his guilty pleas and finds that he knowingly and intelligently waived his right to a trial by jury. Plaintiff is now in essence asking this court to provide him with a forum through which he can refute in a civil action the State's case against him. The Supreme Court in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), said:
"Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted." (l. c. 756, 90 S.Ct. l. c. 1473.)

*701 "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. * * *
"We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought * * *." (l. c. 757, 90 S.Ct. l. c. 1473.)
The principles applied in Brady v. United States, supra, are equally applicable to the plaintiff herein, who now disavows his guilty plea because he believes the State's case would have been based on alleged perjured testimony.
For the reasons set forth above, defendants' motion to dismiss is sustained, and the clerk is directed to prepare and enter the proper order dismissing the above cause.
NOTES
[1] Although the exhaustion of remedies rule required under 28 U.S.C. § 2254 was modified in Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), in which the Supreme Court said that "repetitious applications" in the state courts were not required, the general principle was reaffirmed in Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).