354 F.Supp. 179 (1973)
Eugene BARNES, Plaintiff,
v.
Sam Elmer DORSEY et al., Defendants.
No. 72 C 615(4).
United States District Court, E. D. Missouri, E. D.
February 1, 1973.
*180 Eugene Barnes, pro se.
Allen I. Harris, St. Louis, Mo., for Sam Elmer Dorsey.
John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for Patrolmen Hall, Smith and Dunn, Sgt. Major Blanchett and A. L. Lark.
A. Robert Belscher, St. Louis, Mo., for Sheriff of City of St. Louis.
J. Paul Allred, St. Louis, Mo., for Nels Moss and Judge Michael Scott.
Kenneth Kochman, Asst. Pros. Atty., St. Louis, Mo., for James P. Lavin.
J. Martin Hadican, pro se.

MEMORANDUM
WANGELIN, District Judge.
Plaintiff, a Missouri prisoner, initiated this action by filing with leave of Court a lengthy pro se complaint in forma pauperis. Plaintiff alleges violations of 42 U.S.C. §§ 1983 and (implicitly by reason of his allegations of conspiracy) 1985 which arose from the circumstances surrounding his May 12, 1971, state conviction for burglary. Plaintiff asks for substantial monetary damages.
Defendants are a prosecuting witness, four St. Louis policemen, the Sheriff of St. Louis, an assistant Circuit Attorney, a Clerk of the state Circuit Court, a state Circuit Court judge, the attorney who represented plaintiff, a doctor of City Hospital No. 1, and the Warden of the St. Louis City Jail.
This action is presently before the Court upon (a) the motions of defendants Hadican, Scott, Moss, Lark, and Lavin to dismiss, (b) the alternative joint motion of defendants Hall, Smith, Blancett and Dunn either to dismiss or for summary judgment, (c) the motion of defendant Percich for summary judgment, and (d) the motion of defendants Scott and Moss for the appointment of counsel to represent plaintiff. Plaintiff has also requested appointment of counsel.
Plaintiff's complaint is a twenty-four page document containing a narration of *181 events frequently interspersed with copies of documentary exhibits and recitations of law. Generally, plaintiff is aggrieved of two alleged wrongs, a wrongful criminal conviction in the Circuit Court of the City of St. Louis and physical injury suffered while in state custody.
In deciding the motions to dismiss the Court will take as true the material allegations of the complaint and will construe them in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1968).
Plaintiff was allegedly convicted of burglary following his arrest in the early morning hours of July 21, 1970. Plaintiff had been shot by defendant Dorsey who had concealed himself inside his own tavern. Dorsey reported to the police that plaintiff broke through the front door of the tavern, that Dorsey surprised plaintiff and fired two shots at him, and that one of the shots struck plaintiff in the leg. The police were called and plaintiff was arrested outside of the tavern where he fell to the ground. Dorsey reported to the police that he shot plaintiff while plaintiff was still inside the premises of the tavern and that plaintiff thereafter went out of the tavern where he was arrested. Plaintiff strongly urges here that the medical evidence clearly shows that he could not have moved himself from inside the tavern to the outside after being thus wounded and that, therefore, Dorsey's testimony is an improper basis for his conviction.
Plaintiff further alleges that the defendants acted, in conspiracy and singularly, to violate his rights by allowing the police report, which contained the allegedly improbable statement of events by Dorsey, to go uncontradicted, to be used as a basis for the issuance of a warrant for plaintiff's arrest and an information against him, but to be "suppressed" at trial where from its improbability plaintiff could have argued his innocence.
Plaintiff also alleges that during the course of his incarceration his injured leg was further damaged in that he was forced to attend court proceedings without proper care. He alleges that, while incarcerated in the City Jail, he was required to give up his cane because the jailors considered it a possible weapon and that he was forced to reuse plastic syringes for his insulin injections.
The Honorable Michael Scott, the state Circuit Judge who allegedly presided over plaintiff's criminal trial, Nels Moss the state Circuit Attorney who allegedly prosecuted plaintiff, and James P. Lavin, Clerk of the state Court, move to dismiss. Defendants Scott and Moss jointly move to dismiss for failure to "state a cause of action under 42 U.S.C. § 1983." The Court will consider their joint motion as one to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ. Proc. 12(b)(6). The acts of Scott and Moss, as alleged by plaintiff, were committed within the scope of their authority and offices as judge and prosecutor. Defendant Lavin moves to dismiss for the reason that his acts, as alleged by plaintiff, were performed in furtherance of his ministerial duties as state court clerk. The doctrine of judicial immunity which protects a judge from a civil rights action for damages such as this, Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967); Schwartz v. Weinstein, 459 F.2d 882 (8th Cir. 1972), also extends to protect a state prosecutor, Howard v. Rolufs, 338 F.Supp. 697, 700 (E.D.Mo.), and a court clerk performing ministerial duties. E. g., McCray v. State of Maryland, 456 F.2d 1, 3 (4th Cir. 1972). This is true whether the action is brought under § 1983 or § 1985. Rhodes v. Houston, 202 F.Supp. 624, 638 (D.Neb.1962), aff'd 309 F.2d 959 (8th Cir. 1962), cert. den. 372 U.S. 909, 83 S. Ct. 724, 9 L.Ed.2d 719, cert. den. 383 U. S. 971, 86 S.Ct. 1282, 16 L.Ed.2d 311. The alleged acts of defendants Scott and Moss (in plaintiff's prosecution) and *182 Lavin (in processing the arrest warrant against plaintiff) were acts protected by immunity from suit. This action will be dismissed as to these three defendants for failure to state a claim.
Defendants J. Martin Hadican, plaintiff's Court appointed counsel in the criminal trial, and A. L. Lark, Warden of the City Jail, have moved to dismiss for failure to "state a cause of action under" 42 U.S.C. § 1983. The Court will consider these as motions to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6).
The allegations made against attorney Hadican are that he made pre-trial promises to plaintiff that all the available medical evidence would be used at trial, and that at the trial he acquiesed in the trial court's suppression of the police report. Under 42 U.S.C. § 1983 a defendant must be alleged to have acted under color of state law. Plaintiff has so alleged in conclusory form regarding defendant Hadican. However, the specific acts of this defendant, as alleged, show him to have acted only in performance of his duties as Court appointed counsel in representing plaintiff. Such actions are not performed under color of state law. E. g. Sinclair v. Spatocco, 452 F.2d 1213 (9th Cir. 1972); e. g. Jackson v. Hader, 271 F.Supp. 990 (W. D.Mo.1967). While action under color of state law is not a required element of a § 1985 cause of action, conspiracy with an intended purpose of denying plaintiff the equal protection of the law is a required element. Hanna v. Home Insurance Company, 281 F.2d 298, 303 (5th Cir. 1960); Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969); Rhodes, supra, 202 F.Supp. at 637. While plaintiff characterizes defendant Hadican's acts as being within a generally alleged conspiracy, it plainly appears that plaintiff has alleged no factually conspiratorial connection between Hadican's acts and the acts of any other defendant. And it cannot fairly be said that these acts were acts which tended to deny plaintiff equal protection of the law. The action will be dismissed as against defendant Hadican for failure to state a claim.
Defendant Lark, Warden of the City Jail, is not alleged by name to have injured plaintiff. Rather, his implication stems from the allegations of the plaintiff (a) that in December, 1970, when plaintiff returned from a visit to the hospital a City Jail guard was "ordered to take the plaintiff's walking cane because the warden considered the same a weapon" and (b) that he was made ill in the Jail when required to reuse a disposable plastic syringe for the taking of insulin. After plaintiff became ill, he alleges that he was returned to the hospital where he was put on an insulin pill regimen. Even if defendant Lark were personally involved in these alleged facts, they do not rise to a deprivation of federally protected rights. Fear v. Commonwealth of Pa., 413 F.2d 88 (3rd Cir. 1969), cert. den. 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234; Commonwealth of Pa. v. Hendrick, 368 F.2d 179 (3rd Cir. 1969), cert. den. 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797. The action will be dismissed as to Warden Lark for failure to state a claim.
Defendant Percich, Sheriff of the City of St. Louis, also is not alleged by name to have contributed to plaintiff's injuries. Rather, plaintiff alleges
While still a patient in City Hospital #2, and under the care of Doctor T. Vargas, plaintiff was forced, by the Sheriff of . . . St. Louis, to leave the prison ward and to appear in the St. Louis Court of Criminal Correction, Div. No. 2, for his preliminary exam in this burglary complaint. Plaintiff informed the Sheriff that his leg had been broken, and "bed cast", which was plainly visible, would make it very difficult to walk on crutches while wearing same bed cast. But the Sheriff called the Court and was [ordered] to bring the plaintiff to Court with force, if necessary. Plaintiff was in no condition to resist, [and] thus accompanied the Sheriff to Court, and it was while walking on *183 the crutches and wearing the said "bed cast" that the broken femur bone moved out of place again and mended crooke[d] and in a bow-form. The leg is shorter now, sometimes painful to walk on.
Defendant Percich has moved for summary judgment on the basis that he assumed the office of Sheriff on March 17, 1972, long after the alleged acts occurred. The joinder of "The Sheriff of St. Louis" as a party defendant can only have been intended by plaintiff to have been for the purpose of joining him as the employer of "the Sheriff" who acted as set out in the next above quoted portion of the complaint. Such vicarious liability is inapplicable to civil rights actions under §§ 1983 and 1985. Nugent v. Sheppard, 318 F.Supp. 314, 315 (N. D.Ind.1970). The action will be dismissed as to the Sheriff of the City of St. Louis for failure to state a claim.
In answer to the defendant Sheriff's motion plaintiff has moved to join "Mr. Tozer" who preceded Sheriff Percich in office. The Court will deny the motion to join Mr. Tozer as a party defendant for the reason that, even if Mr. Tozer committed the acts alleged, it clearly appears from the face of the complaint that those acts were performed pursuant to orders or directives of the Court and as such are protected from liability in this action by judicial immunity. E. g., Mills v. Small, 446 F. 2d 249 (9th Cir. 1971).
Defendants Harry Hall, Fred Smith, Michael Dunn and Sergeant Major Blancett, St. Louis Policemen, have moved alternatively to dismiss or for summary judgment for the reasons that they had probable cause to arrest plaintiff and that plaintiff has not otherwise stated "a cause of action" against them. Plaintiff alleges that he was unlawfully arrested by the police and that these police officers were implicated in his unlawful conviction in that they "knew" plaintiff could not have moved outside of the tavern under his own power after being shot in the leg. From the allegations of the complaint itself it appears that the report of Dorsey gave the arresting police ample probable cause to arrest him. Any claim against these policemen arising from his arrest and prosecution must therefore fail. Giordano v. Lee, 434 F.2d 1227, 1231 (8th Cir. 1970), cert. den. 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709; Jones v. Perrigan, 459 F.2d 81, 83 (6th Cir. 1972). No other allegations regarding these defendants arise to the level of deprivations of federally protected rights. The action will be dismissed as against them for failure to state a claim.
Defendant Dorsey has not moved to dismiss but rather has filed an answer to the instant complaint that in effect alleges that plaintiff has failed to state a claim.
Defendant Vargas, a doctor at City Hospital No. 1 who allegedly participated in the aggravation of plaintiff's leg injury, was not served in this action and therefore has not responded to the complaint. However, had he been properly served, the action would have been subject to dismissal as against him since neither § 1983 nor § 1985 creates a cause of action for the tort of medical malpractice which plaintiff alleges. U. S. ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. den. 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691; Nettles v. Rundle, 453 F.2d 889 (3rd Cir. 1971); Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971). The acts of the doctor, as alleged by plaintiff, do not sufficiently allege participation in a § 1985 conspiracy.
Against Defendant Dorsey plaintiff alleges in effect that he lied when he recounted the shooting incident to the police and that he committed perjury when he testified in court. This defendant did not act under color of state law in violation of § 1983 and his alleged acts cannot fairly be considered as acts of conspiracy tending to deprive plaintiff of equal protection. 42 U.S.C. § 1985. See the unreported opinion of this Court in Edwards v. Vasel, No. 72 *184 C 65(2) (filed April 13, 1972), aff'd, 469 F.2d 338 (8th Cir. 1972). For the Court to dismiss an action upon its own motion for failure to state a claim is a radical step not to be taken lightly. However, such dismissal is appropriate in this action as against defendants Vargas and Dorsey since the allegations in the complaint clearly show that plaintiff is unable to recover against these defendants in this civil rights action. The Court will therefore dismiss this action as against Dorsey for failure to state a claim and as against Vargas for lack of personal jurisdiction. Against these two defendants the action is frivolous. 28 U.S.C. § 1915. See Drusky v. Judges of Supreme Court, 324 F.Supp. 332, 334 (W.D.Pa.1971).
In his response to the motions of the defendant-policemen, supra, plaintiff asserted that by his complaint
he does not seek a `retrial' of a criminal case but to receive the correct consideration of his case on the lawful merits which [were] ignored by the state courts. . . .
The plaintiff is entitled to release from prison should the evidence substantiate his claim that a combination exist[s] [which] caused his unlawful arrest, trial and conviction.
It is axiomatic that actions for damages pursuant to 42 U.S.C. §§ 1983 and 1985 are inappropriate vehicles for collaterally attacking state criminal convictions. Gaito v. Ellenbogen, 425 F.2d 845, 848 (3rd Cir. 1970). This plaintiff has attempted to do here. While plaintiff has referred occasionally in his filings to exhaustion of state remedies, it appears from the record that plaintiff's criminal conviction is presently before the Missouri Supreme Court on appeal. After proper maturation and exhaustion it is possible that an habeas corpus action may lie. That situation, however, is not now before the Court.
Plaintiff has proffered to this Court for filing a document entitled "Appeal from an order denying a `Complaint against a Judgment'" which had been filed before the Missouri Supreme Court. In this regard the Clerk of the Missouri Supreme Court has advised this Court by letter of November 14, 1972, of the following:
The [Missouri Supreme] court understands that Mr. Barnes has "lodged" an appeal with [U. S. District] court from this court's denial of his "complaint against judgment" treated as a petition for writ of mandamus. The text of the October 9, 1972, order in cause No. 58044 is as follows:
"Petitioner's motion for leave to file complaint against judgment treated as petition for writ of mandamus to compel production of trial transcript and copy of various records and reports and leave granted petitioner to file same as a poor person. Said petition is denied, for the same reason that petitioner has pending in this Court his appeal in cause No. 57146, State v. Eugene Barnes, wherein a transcript of record will be filed as soon as preparation of same is completed by the court reporter, in which appeal can be raised all matters properly preserved for appeal appearing in said transcript. Mr. Barnes' "notice of appeal" to this court was treated as a motion for reconsideration and overruled by the following order yesterday, November 13, 1972:
"Petitioner's motion for reconsideration, which he entitles "Notice of Appeal," in the above-entitled cause is overruled."
This Court does not have subject matter jurisdiction to review on direct appeal such action by the Missouri Supreme Court. Plaintiff's "Appeal" will not be allowed filed.
Plaintiff's request for appointment of counsel is mooted by the Court's conclusion that the action must be dismissed as against all defendants.