**Richard Mark CORTNER, Plaintiff,**

v.

**Sharon J. BARON et al., Defendants.**

**Civ. No. 75–395–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.
Aug. 26, 1975.

J. Howard Edmondson, Jr., Oklahoma City, Okl., for plaintiff.

Beverly E. Ledbetter, Thomas Tucker, Norman, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

In 1971 the Department of Dental Hygiene was added to the College of Dentistry of the University of Oklahoma. Annual input of students has been sixteen (16) per year. It appears that five (5) alternates are also selected each year to be numerically used if any of the sixteen (16) fail to enter the program. A Selection Committee to pick the sixteen (16) entrants and five (5) alternates each year has been established for the Department. The Defendants are the members thereof.

For School Year 1975 (Fall entry) there were fifty-eight (58) applications for entry into the Dental Hygiene School. Fifty-seven (57) of the fifty-eight (58) were females. The Plaintiff was the only male applicant. When the Committee finished its selection task the sixteen (16) entrants and five (5) alternates selected were all females. The Plaintiff did not make either list. He now brings this action against the members of the Committee under 42 U.S.C. § 1983 asserting that Defendants under color of state law have deprived him of his constitutional right to the equal protection of the laws by discriminating against him in the said selection process because he is a male.

Historically, all entrants in the program for its short life have been females. It is unquestionably a female oriented program. Only one other male application has been processed to the Selection Committee. He was not selected. The School so far has an enviable 100% record for graduation and continuation in the program upon selection and entry therein. The members of the Selection Committee appear to be highly qualified to serve thereon and further appear to be dedicated to their duties as members thereof. Each applicant is responsible for providing the Committee with a transcript of his academic record.[1] Each applicant is personally interviewed by two members of the Committee who make a recommendation to the Committee as a whole based on the interview and other materials at hand. The Plaintiff was so interviewed and was recommended for favorable consideration by his two interviewers.[2] However, in the final screening process of the Committee he was not selected, it appearing that he was eliminated at about number 35 in reducing the applications to the two lists, the Defendants asserting that under their criteria and in their collective judgment the sixteen (16) entrants and five (5) alternates selected appeared to be better qualified to enter the school than the Plaintiff.[3]

---

1. The hearing revealed that Plaintiff had some college credits which were not in the transcript before the Selection Committee. However, Plaintiff acknowledged that this was his responsibility and that the Selection Committee was not at fault in this respect. All agreed that the Court must decide this case on the basis of what was before the Selection Committee.

2. The Plaintiff complains that these interviewers inquired if he would feel uncomfortable in being the only male student in the class. This seems to the Court to be an entirely appropriate question under the circumstances. It does not indicate discrimination against him because he is a male as Plaintiff would urge.

3. Plaintiff presented two lay witnesses who were former employees of the School, who ascribed to one of the Committee members (who was head of the School) statements made in the past that a male would not be

The Dental Hygiene curriculum consists mostly of science type courses. Motivation to complete the course and to enter this field as a career seems to be an important factor in the Committee's selection process. Scholastic grades or performance [4] are considered as are the nature of scholastic experience and an aptitude test which is given each applicant but it appears that the most important factors considered by the Committee are the applicants' scholastic background in science type courses and his motivation to complete the course and to enter this field of endeavor.

The Plaintiff produced evidence in the way of comparing his situation in a number of instances with those who had been selected over him. The Defendants countered with comparisons not only with those selected over the Plaintiff but with others also not selected for entry. To summarize this type of evidence presented by both sides the Court concludes therefrom that the Plaintiff looked fairly good in some areas by comparison and did not fare very well in other areas. But, in the matter of the completion of science type courses and motivation, Plaintiff under the evidence did not do very well by comparison. According to his transcript before the Committee he had completed only one science course, Zoology, for five (5) hours of credit, in which he made a good grade but it was the only course he was taking in school at the time. Since entry in college, the Plaintiff has spent most of his time taking courses in drama, broadcasting, speech and journalism. Though he had some training and experience in dental hygiene while in the military service his college work after leaving the military service until the time of his application involved herein did not indicate any interest in those courses associated with dental hygiene. Thus, under the evidence the Plaintiff's situation was generally poor in science type courses and motivation as compared with those selected over him. Each of the Defendants in substance testified that the Plaintiff was deficient in science type courses and motivation when compared with those selected ahead of him. Each Defendant testified that the Plaintiff was not selected because of those factors as compared with other applicants and each Defendant further testified that Plaintiff's non-selection was not due to his being a male. Most of the Defendants testified that they very much desired to have a male in the program and for that reason they gave the Plaintiff special attention and consideration but in the final analysis under their standards and criteria the Plaintiff simply did not measure up to those selected. It appears that some of those selected had been rejected in previous years but had continued their education and reapplied which no doubt was of some benefit to them in their current application with particular reference to motivation. This avenue is of course open to the Plaintiff should he desire to complete more science type courses and reapply for entry into the Dental Hygiene School.

■■ Though the right to an education is not among those rights established either expressly or by implication in the United States Constitution, there is a Constitutional right to the equal opportunity to partake of public education offered by a State. *Keys v. Sawyer*, 353 F.Supp. 936 (S.D.Tex.1973). Those acting under color of State law may not deprive one of the equal opportunity to receive an education because he is a male and may not discriminate against an ap-

selected because of problems with facilities at the School. The evidence failed to reveal any problem in this connection. Only locker rooms and rest rooms were in question. Separate locker rooms and rest rooms could easily be provided. Moreover, males are on the School faculty and no rest room or locker room problems were revealed. The

Court gives little weight to this testimony which most likely was prompted by bad relations by former employees.

4. Plaintiff's grade-point average was better than some selected but was lower than eleven applicants not selected.

plicant for public education because he is a male. 42 U.S.C. § 1983, *Keys v. Sawyer, supra.* The question before the Court in the case at bar is therefore whether the Selection Committee failed to select the Plaintiff because he was a male or whether his non-selection was for other reasons.

In *Keys v. Sawyer, supra,* a case involving a plaintiff not allowed admission to a law school, the Court said:

"University officials should have broad discretionary power to determine the fitness of a student to continue his studies. There is a compelling need and very strong policy consideration in favor of giving local school officials the widest possible latitude in the management of school affairs. *Karr v. Schmidt,* 460 F.2d 609 (5th Cir. 1972). Only when there is a clear and convincing showing that an official acted in an arbitrary and capricious manner will the federal courts interfere with the exercise of such discretionary power. The case at bar provides no such showing. The case at the federal judiciary can perform no greater service . . . . than to leave the States unhampered in the performance of their purely local affairs." *Karr v. Schmidt,* 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971) (Black, J.). In the instant case, the wisest and most appropriate course is one of judicial restraint."

This Court further said:

" . . . This Court adheres to its earlier position that a student with a grievance 'may not, by simply couching that grievance in constitutional terms, employ Section 1983 to transform a federal district court into a sort of educational ombudsman whose function is to review the everyday actions of local school officials.' *Egner v. Texas City Independent School District,* 338 F.Supp. 931, 937 (S.D.Tex. 1972)."

From the evidence presented to the Court and after observing the demeanor, intelligence and candor of the witnesses, the Court is completely satisfied and finds that the Plaintiff's failure to make the selection lists was not due to his being a male person. The Court is satisfied and finds from the evidence that Plaintiff's non-selection was because the scholastic records he presented to the Selection Committee revealed the completion of only one science type course in college, whereas, the Dental Hygiene Program is extremely heavy in science type courses and because Plaintiff's motivation to complete the course was suspect in some measure as shown by the type of courses he had taken in college up to the time of his application. Plaintiff's motivation was clearly subject to some question for though he had received some training and experience in dental hygiene work while in the military service, upon his discharge and through sixty (60) hours of college work Plaintiff had not pursued any courses which would lead one to believe that he was dedicated to prepare himself to become a career dental hygienist. This is somewhat further supported by the large number of different colleges or universities Plaintiff has attended.

The Court is not in any way able to hold, from the evidence presented and after observing and hearing the Plaintiff and all Defendants in open Court, that the Defendants acted in an arbitrary or capricious manner in not selecting the Plaintiff over those selected from the fifty-eight (58) applications. To the contrary, the Court finds that the criteria used by the Selection Committee was reasonable;[5] that the same were applied by the Selection Committee fairly to all applicants regardless of sex and that the Selection Committee acted in good faith and without discrimination against males in the selection process here involved. The Court further finds

5. *Speake v. Grantham,* 317 F.Supp. 1253 (D.C.Miss.1970), aff'md. 440 F.2d 1351 (Fifth Cir. 1971).

that the Selection Committee had good and valid reasons to believe and determine that those selected over the Plaintiff were better qualified than he for entry into the school.

In view of the foregoing findings and conclusions of the Court, Plaintiff's action should be dismissed. A Judgment will be entered to this effect.